**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LAURA MEDINA, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | C.A. No. 23-480-MN |
| ALBERTSONS COMPANIES, INC. | ) ) ) | |
| Defendant. | ) ) ) ) ) | |

**<u>ALBERTSONS COMPANIES, INC.'S OPENING BRIEF IN SUPPORT OF
ITS MOTION TO DISMISS</u>**

OF COUNSEL:

Cari K. Dawson
Gavin Reinke
Thomas Grantham
Taylor Lin
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777
cari.dawson@alston.com
gavin.reinke@alston.com
thomas.grantham@alston.com
taylor.lin@alston.com

Dated: June 26, 2023

John A. Sensing (#5232)
Hannah L. Paxton (#7096)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19801
(302) 984-6000 – Telephone
jsensing@potteranderson.com
hpaxton@potteranderson.com

*Attorneys for Defendant Albertsons Companies, Inc.*

## <u>TABLE OF CONTENTS</u>

**Page**

I.     NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

II.    SUMMARY OF ARGUMENT ...................................................................................1

III.   STATEMENT OF FACTS .......................................................................................2

IV.   LEGAL STANDARDS ...........................................................................................3

V.    ARGUMENT .........................................................................................................4

      A.    The Court Lacks Subject Matter Jurisdiction Over the Complaint Because Plaintiff Fails to Allege an Imminent Injury That Is Traceable to Albertsons ...................................................................................................4

            1.    Plaintiff's Allegations Regarding an "Increased Risk" of Identity Theft Are Insufficient to Establish an Imminent Injury-in-Fact ................5

            2.    Plaintiff's Unauthorized Credit Card Charge Cannot Be Plausibly Traced to Albertsons ............................................................................9

      B.    Plaintiff's Claims Also Fail as a Matter of Law .......................................11

            1.    The Complaint Fails to State a Claim for Negligence ..............................11

                 (1)    Plaintiff Does Not Plausibly Allege Any Legally Cognizable Damages Proximately Caused by Albertsons' Alleged Conduct ........................................................................12

                 (2)    The Economic Loss Rule ("ELR") Bars Plaintiff's Negligence Claim ..........................................................................13

            2.    The Complaint Fails to State a Claim for Invasion of Privacy ................14

             3.    The Complaint Fails to State a Claim for Breach of Implied Contract ........................................................................................16

             4.    The Complaint Fails to State a Claim for Unjust Enrichment ................17

             5.    The Declaratory Judgment Count Should Also Be Dismissed ................18

CONCLUSION ........................................................................................................20

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Allgood v. PaperlessPay Corp.*,
   2022 WL 846070 (M.D. Fla. Mar. 22, 2022) ........................................................................15

*Aluminum Co. of Am. v. Beazer E., Inc.*,
   124 F.3d 551 (3d Cir. 1997) ................................................................................................19

*In re Am. Med. Collection Agency Customer Data Sec. Breach Litig.*,
   2021 WL 5937742 (D.N.J. Dec. 16, 2021) ..........................................................................18

*In re Ambry Genetics Data Breach Litig.*,
   2021 WL 2935303 (C.D. Cal. Apr. 7, 2021) ........................................................................10

*In re Arthur J. Gallagher Data Breach Litig.*,
   --- F. Supp. 3d ---, 2022 WL 4535092 (N.D. Ill. Sept. 28, 2022) .......................................15

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...............................................................................................................2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...............................................................................................................4

*Bell Helicopter Textron, Inc. v. Arteaga*,
   113 A.3d 1045 (Del. 2015) ...................................................................................................11

*Blood v. Labette Cnty. Med. Ctr.*,
   2022 WL 11745549 (D. Kan. Oct. 20, 2022) ......................................................................10

*Browne v. US Fertility, LLC*,
   2021 WL 2550643 (E.D. Pa. June 22, 2021) ..........................................................................8

*Brush v. Miami Beach Healthcare Grp., Ltd.*,
   238 F. Supp. 3d 1359 (S.D. Fla. 2017) ................................................................................17

*Clemens v. ExecuPharm Inc.*,
   48 F.4th 146 (3d Cir. 2022) ................................................................................................7-8

*Cmty. Bank of Trenton v. Schnuck Markets, Inc.*,
   2017 WL 1551330 (S.D. Ill. May 1, 2017), aff'd, 887 F.3d 803 (7th Cir. 2018)..................17

*Cope v. Utah Valley State College*,
   342 P.3d 243 (Utah 2014) ....................................................................................................11

*In re Cyclobenzaprine Hydrochloride Extended-Releases Capsule Patent Litig.*,
   693 F. Supp. 2d 409 (D. Del. 2010) ..................................................................10

*Del. State Univ. Student Hous. Foundation v. Ambling Mgmt. Co.*,
   556 F. Supp. 2d 367 (D. Del. 2008) ..................................................................18

*Edmonson v. Lincoln Nat'l Life Ins. Co.*,
   725 F.3d 406 (3d Cir. 2013) ..............................................................................13

*Ellison v. Am. Bd. of Orthopaedic Surgery*,
   11 F.4th 200 (3d Cir. 2021) .................................................................................5

*Finkleman v. NFL*,
   877 F.3d 504 (3d Cir. 2017) ..............................................................................13

*Fox v. Iowa Health Sys.*,
   399 F. Supp. 3d 780 (W.D. Wis. 2019) .............................................................13

*Gaddy v. Long & Foster Cos.*,
   2022 U.S. Dist. LEXIS 46657 (D.N.J. Mar. 15, 2022) ............................... 8, 17-18

*Graham v. Universal Health Serv.*,
   539 F. Supp. 3d 481 (E.D. Pa. 2021) ..................................................................8

*HealthBanc Int'l, LLC v. Synergy Worldwide, Inc.*,
   435 P.3d 193 (Utah 2018) ..................................................................................13

*IPA Techs., Inc. v. Amazon.com, Inc.*,
   352 F. Supp. 3d 335 (D. Del. 2019) .....................................................................4

*JJCK, LLC v. Project Lifesaver Int'l*,
   2011 WL 2610371 (D. Del. July 1, 2011) ..........................................................18

*Jordan v. Mirra*,
   2017 U.S. Dist. LEXIS 149034 (D. Del. Sept. 14, 2017) ....................................19

*Laspina v. SEIU Pa. State Council*,
   985 F.3d 278 (3d Cir. 2021)................................................................................5

*Lewis v. Gov't Emples. Ins. Co.*,
   2019 U.S. Dist. LEXIS 41403 (D.N.J. Mar. 14, 2019).........................................19

*Longenecker-Wells v. Benecard Servs.*,
   658 F. App'x 659 (3d Cir. 2016) ........................................................................16

*Lorah v. Home Helper's Inc.*,
   813 F. Supp. 2d 620 (D. Del. 2011) ....................................................................4

*McCorvey v. Utah St. Dep't. of Transp.*,
  868 P.2d 41 (Utah 1993)........................................................................12

*Morgan v. Bd. of State Lands*,
  549 P.2d 695 (Utah 1976).......................................................................16

*Mulqueen v. Energy Force, LLC*,
  2013 WL 6051020 (M.D. Pa. Nov. 14, 2013) .......................................19

*New Zealand Kiwifruit Mktg. Bd. v. City of Wilmington*,
  825 F. Supp. 1180 (D. Del. 1993)..........................................................11

*Pascouau v. Martin Marietta Corp.*,
  1999 WL 495621 (10th Cir. July 14, 1999).............................................15

*Peterson v. Delta Air Lines*,
  42 P. 3d 1253 (Utah Ct. App. 2002) ......................................................16

*Prescient Med. Holdings, LLC v. Lab. Corporaton of Am. Holdings*,
  2019 WL 635405 (D. Del. Feb. 14, 2019)...............................................17

*Ramirez v. The Paradies Shops, LLC*,
  --- F.4th ---, 2023 WL 3813881 (11th Cir. June 5, 2023).......................16

*Reilly v. Ceridian Corp.*,
  664 F.3d 38 (3d Cir. 2011)..................................................................5-6, 8

*Riggs v. Asbestos Corp. Ltd.*,
  304 P.3d 61 (Utah Ct. App. 2013) ........................................................12

*In re Rutter's Data Sec. Breach Litig.*,
  511 F. Supp. 3d 514 (M.D. Pa. 2021) .....................................................8

*S.D. v. Haddon Heights Bd. of Educ.*,
  722 F. App'x 119 (3d Cir. 2018) .............................................................4

*Salas v. Acuity-CHS, LLC*,
  2023 WL 2710180 (D. Del. Mar. 30, 2023) ..........................................10

*Schaller v. United States SSA*,
  844 F. App'x 566 (3d Cir. 2021) .............................................................4

*In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*,
  678 F.3d 235 (3d Cir. 2012)....................................................................3

*Schiavo v. Carney*,
  548 F. Supp. 3d 437 (D. Del. 2021)........................................................5

*Schmitt v. SN Servicing Corp.*,
  2021 WL 5279822 (N.D. Cal. Nov. 12, 2021) ......................................................16

*In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*,
  45 F. Supp. 3d 14 (D.D.C. 2014) ..........................................................................9

*Seale v. Gowans*,
  923 P.2d 1361 (Utah 1996)..................................................................................12

*Steffensen v. Smith's Mgmt. Corp.*,
  820 P.2d 482 (Utah Ct. App. 1991) .....................................................................12

*Stien v. Marriott Ownership Resorts*,
  944 P.2d 374 (Utah Ct. App. 1997) ................................................................ 14-15

*TD Bank N.A. v. Hill*,
  928 F.3d 259 (3d Cir. 2019)................................................................................19

*US Fid. v. US Sports Specialty*,
  270 P.3d 464 (Utah 2012) ...................................................................................17

*Warth v. Seldin*,
  422 U.S. 490 (1975)..............................................................................................4

*Williams v. Governor of Penn.*,
  552 F. App'x 158 (3d Cir. 2014) ...........................................................................7

*In re Zappos.com, Inc.*,
  2013 WL 4830497 ...............................................................................................16

**RULES**

Fed. R. Civ. P. 12(b)(1)............................................................................1, 3, 4, 20

Fed. R. Civ. P. 12(b)(6)............................................................................1, 4, 11, 20

## I.   NATURE AND STAGE OF PROCEEDINGS

On May 1, 2023, Plaintiff Laura Medina commenced a class action Complaint against Defendant Albertsons Companies, Inc. ("Albertsons").  Plaintiff asserts five claims against Albertsons.  Because Plaintiff does not have standing to bring her claims, and because she cannot state a claim for relief, Albertsons respectfully requests that the Complaint be dismissed.

## II.   SUMMARY OF ARGUMENT

1.   Plaintiff seeks to impose sweeping liability on her former employer Albertsons based almost entirely on speculation regarding the future acts of an unauthorized third party who unlawfully accessed certain personal information in Albertsons' systems in December 2022 (the "Incident").  While Plaintiff alleges that this unauthorized third party gained access to her name, birth date, and Social Security number, she does not allege that the unauthorized third party has ever used her information – or any other information allegedly stolen from Albertsons – in a fraudulent manner.  Instead, Plaintiff relies on hypothetical and general allegations about "data thieves" to claim that she is now facing an increased risk of identity theft.  But under binding precedent, that hypothetical future injury does not constitute imminent injury-in-fact sufficient to confer Article III standing, and Plaintiff's lone allegation of actual injury – an unauthorized credit card charge – cannot be plausibly traced to the data security Incident which she herself alleges involved only names, dates of birth, and Social Security numbers (and not credit card information).

2.   Because Plaintiff lacks standing to bring her claims and this Court is therefore without subject matter jurisdiction under Article III, her Complaint should be dismissed under Rule 12(b)(1).  But even if Plaintiff could establish standing (she cannot), the Complaint nevertheless fails to state a viable claim for relief under Rule 12(b)(6).  Plaintiff does not state a viable negligence claim because she does not plausibly allege any legally cognizable injuries that

were caused by Albertsons' conduct and because the economic loss rule ("ELR") bars her ability to recover for economic injuries in tort. Plaintiff's invasion of privacy claim fails because she does not allege that Albertsons intentionally disclosed her personal information or that Albertsons obtained any of her personal information without her consent. Plaintiff also fails to state a claim for breach of implied contract, because she does not allege a plausible meeting of the minds with respect to any specific data security obligations. And Plaintiff's claim for unjust enrichment fails because she does not (and cannot) allege that she conferred a benefit on Albertsons. Finally, the Court should also dismiss Plaintiff's final count for declaratory relief because this claim is not an independent cause of action and because Plaintiff's request for declaratory judgment is duplicative of her negligence and breach of contract claims.

3.      For each of these reasons, and those discussed below, the Complaint should be dismissed.

## III.    STATEMENT OF FACTS[1]

Albertsons is one of the largest food and drug retailers in the United States, with over 2,200 stores in 34 states and the District of Columbia. D.I. 1 ("Compl.") ¶ 18. This lawsuit arises out of a data security Incident involving Albertsons that was perpetrated by an unauthorized third party in December 2022, which resulted in the unauthorized third party being able to access certain current and former Albertsons' employees' names, dates of birth, and Social Security numbers. *Id.* ¶¶ 1–2, 25. Upon discovering this unauthorized access, Albertsons promptly launched an investigation with a leading forensics firm, took steps to prevent further unauthorized activity, and

---

[1] Albertsons summarizes the relevant allegations because they must be taken as true for purposes of the Motion to Dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Albertsons does not, however, concede the veracity of the Complaint's allegations.

remediated the Incident.  *Id.* ¶¶ 1, 24.  Albertsons subsequently sent notices to the affected individuals.  *Id.* ¶¶ 24–25.

Plaintiff Laura Medina worked for Albertsons "in or around 2004 through 2006" and rejoined the company again "in or around 2013–2014."  *Id.* ¶ 62.  Although Plaintiff alleges that "[i]t is clear that the data thieves stole" Plaintiff's name, date of birth, and Social Security number, Plaintiff does not allege whether she received a notice from Albertsons in connection with the Incident.  *Id.* ¶ 24; *see also id.* ¶ 1.  Moreover, while Plaintiff makes general allegations about how cybercriminals generally "can" use stolen data, she does not allege that any of her information that was allegedly involved in the Incident was actually misused by cybercriminals.  *See generally id.* ¶¶ 53–59.  Plaintiff also does not allege that she has incurred any out-of-pocket expenses as a result of the Incident.  And while Plaintiff alleges that she "noticed an unauthorized charge on her credit card" in "December of 2022," *id.* ¶ 65, she does not state whether this unauthorized charge occurred before or after December 22, 2022 – the date when the unauthorized third-party first gained access to personal information in Albertsons' systems – nor does Plaintiff allege that she (or any other current or former employee) ever gave Albertsons her credit card information, that the Incident even involved credit card information, or that the information that was the subject of the Incident was related to this alleged unauthorized charge in any specific way.

## IV.   LEGAL STANDARDS

"Under Fed. R. Civ. P. 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim."  *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).  "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter."  *Id.* (quotations omitted).  Challenges to standing can be either be facial or factual, and the "distinction determines

3

how the pleading must be reviewed." *S.D. v. Haddon Heights Bd. of Educ.*, 722 F. App'x 119, 124 n.7 (3d Cir. 2018).  Albertsons is making a facial challenge, which means "the court must accept all factual allegations in the complaint as true" in determining whether Plaintiff has sufficiently alleged Article III standing.  *Lorah v. Home Helper's Inc*., 813 F. Supp. 2d 620, 625 (D. Del. 2011).

Similarly, a plaintiff's claims must be dismissed under Rule 12(b)(6) where, even accepting the well-pled allegations as true, the Court concludes that those allegations "could not raise a claim of entitlement to relief[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *IPA Techs., Inc. v. Amazon.com, Inc.*, 352 F. Supp. 3d 335, 342 (D. Del. 2019).  Instead, the plaintiff must plead facts sufficient to establish the "substantive plausibility" of her claims.  *Id.* (quotation omitted).

## V.   ARGUMENT

Plaintiff's Complaint fails under both Rule 12(b)(1) and Rule 12(b)(6) and should therefore be dismissed on either of these independent grounds.  First, because Plaintiff does not allege an imminent injury that is traceable to Albertsons, she lacks Article III standing to bring her claims. Second, even if Plaintiff could establish standing (which she cannot), the Complaint fails to allege facts that could plausibly support the requisite elements of her claims.  These fatal pleading deficiencies are addressed in turn below.

### A.   The Court Lacks Subject Matter Jurisdiction Over the Complaint Because Plaintiff Fails to Allege an Imminent Injury That Is Traceable to Albertsons

Article III standing is a "threshold question in every federal case, determining the power of the court to entertain the suit."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Schaller v. United States SSA*, 844 F. App'x 566, 570 (3d Cir. 2021).  "The plaintiff, as the party invoking federal

jurisdiction, bears the burden of establishing" standing. *Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200, 205 (3d Cir. 2021). To meet this burden at the pleading stage, a plaintiff must allege a "threat of injury-in-fact [that] is actual and imminent, not conjectural or hypothetical." *Schiavo v. Carney*, 548 F. Supp. 3d 437, 442 (D. Del. 2021) (quotations omitted). "Allegations of 'possible future injury' are not sufficient to satisfy Article III." *Reilly v. Ceridian Corp.*, 664 F.3d 38, 42 (3d Cir. 2011) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). "Instead, '[a] threatened injury must be 'certainly impending,' and 'proceed with a high degree of immediacy, so as to reduce the possibility of deciding a case in which no injury would have occurred at all.'" *Id*. (quoting *Whitmore*, 495 U.S. at 158). "A plaintiff therefore lacks standing if his 'injury' stems from an indefinite risk of future harms inflicted by unknown third parties." *Id*.

The alleged injury-in-fact must also be "fairly traceable to the challenged conduct" of the defendant. *Laspina v. SEIU Pa. State Council*, 985 F.3d 278, 284 (3d Cir. 2021). As the Third Circuit has explained, this "traceability element is 'akin to but for causation in tort.'" *Id*. (quoting *Finkelman v. NFL*, 810 F.3d 187, 195 (3d Cir. 2016)). In other words, if the plaintiff's alleged injury would have occurred regardless of the defendant's actions, there is no traceability, and standing does not exist. *See id*. at 287 ("That decision and the injury she claims happened as a result were not caused by the conduct of the Union she challenges. Thus, there is no but-for causation, and, as a result, she does not have standing to press this claim.").

### 1. *Plaintiff's Allegations Regarding an "Increased Risk" of Identity Theft Are Insufficient to Establish an Imminent Injury-in-Fact*

Plaintiff's Complaint is almost entirely devoid of any allegations that approach even the outer fringes of a concrete and imminent injury-in-fact. Although Plaintiff repeatedly references an "increased risk" of identity theft, these allegations are speculative at best and wholly dependent on the future acts of an unknown third party or parties. Ostensibly recognizing this, Plaintiff resorts

to generalized hypotheticals.  For example, Plaintiff alleges that: "data thieves *can* commit a variety of crimes" (Compl., ¶ 5); "a data thief *can* utilize a hacking technique referred to as 'social engineering' to obtain even more information about a victim's identity" (*id.*, ¶ 49); "computer programs *may* scan the Internet with a wider scope to create a mosaic of information" (*id.*, ¶ 50); and "unauthorized parties *could* use Plaintiff's and Class Members' Private Information to access accounts" (*id.*, ¶ 51) (emphasis added).  But she does not allege that any of these things actually *have* occurred with regard to her personal information.

The Third Circuit has squarely rejected the notion that generalized hypotheticals can establish Article III standing in the data breach context.  In *Reilly v. Ceridian Corp.*, 664 F.3d 38 (3d Cir. 2011), the Third Circuit affirmed the district court's dismissal of data breach claims for lack of standing because the plaintiff's alleged harm was speculative and based on hypothetical future actions by an anonymous third party.  That case, like this one, involved an "unknown hacker" gaining unauthorized access to certain employees' names and social security numbers.  *Id.* at 40.  In determining that the plaintiff had failed to allege an imminent, concrete injury, the Third Circuit focused on the lack of specific allegations with respect to actual publication or misuse use of the plaintiff's data.  *See id.* at 43 ("Here, no evidence suggests that the data has been—or ever will be—misused.").  As a result, the court could not "describe how Appellants will be injured in this case without beginning [its] explanation with the word 'if': *if* the hacker read, copied, and understood the hacked information, and *if* the hacker attempts to use the information, and *if* he does so successfully, only then will Appellants have suffered an injury." *Id.* (emphasis in original).

Here, just as in *Reilly*, Plaintiff fails to allege any misuse of her name, date of birth, and Social Security number, or that of any other putative class member.  Moreover, although her Complaint includes generalized statements about "data thieves," *see, e.g.*, Compl. ¶ 24, Plaintiff

makes no allegations about the identity or the intent of the unauthorized third party. Instead, Plaintiff states—without any supporting allegations—that "it is clear" the unauthorized third party "stole Plaintiff's and Class Members' Private Information in order to either use it themselves for nefarious purposes, or to sell it on the dark web." Compl. ¶ 24. This allegation is pure speculation, and it is insufficient for alleging injury-in-fact under Third Circuit law. *Williams v. Governor of Penn.*, 552 F. App'x 158, 162 (3d Cir. 2014) ("Because this injury is speculative, it is wholly insufficient to confer standing.").

In contrast to *Reilly*, the Third Circuit's decision in *Clemens v. ExecuPharm Inc.*, 48 F.4th 146 (3d Cir. 2022), in which a plaintiff did successfully allege an injury, is meaningfully distinguishable. *Clemens* involved a data breach carried out by "a known hacker group named CLOP" that "ha[d] already published Clemens's data on the Dark Web." *Id*. at 156–57. Relying on those allegations, the court determined that, "[b]ecause we can reasonably assume that many of those who visit the Dark Web, and especially those who seek out and access CLOP's posts, do so with nefarious intent, it follows that Clemens faces a substantial risk of identity theft or fraud ***by virtue of her personal information being made available on underground websites***." *Id*. at 157 (emphasis added). The court further explained that these facts distinguished *Clemens* from *Reilly*. *See id*. ("This set of facts clearly presents a more imminent injury than the ones we deemed to establish only a hypothetical injury in *Reilly*.").[2]

Here, Plaintiff does not make any allegations similar to those found to be determinative in *Clemens*; specifically, her Complaint contains no allegations about the specific identity of the party responsible for the Incident and does not allege that her information has been shared in any

---

[2] Although *Clemens* states that "misuse [of the stolen data] is not *necessarily* required," the Third Circuit nevertheless made it clear that CLOP's actual publication of the plaintiff's information on the "Dark Web" was the critical factor in distinguishing the alleged injury from *Reilly*.

suspicious locations like the Dark Web.  Instead, Plaintiff's theory of injury or harm is entirely dependent on the future actions of an unknown third party, which puts this case on all fours with *Reilly* and makes the Third Circuit's reasoning in *Clemens* inapplicable.  *See id*. at 159 ("Compared to *Reilly*, the risk is not hypothetical: a known hacking group intentionally stole the information, misused it, ultimately published it on the Dark Web, and the sensitive information is the type that could be used to perpetrate identity theft or fraud.").  Indeed, Plaintiff concedes that she does not know if "all personal data or copies of data have been recovered or destroyed."  Compl. ¶ 6.

The Court should therefore follow *Reilly*'s reasoning—as other courts within this Circuit have done—and conclude that Plaintiff has failed to allege a legally cognizable injury-in-fact.  *See Browne v. US Fertility, LLC*, 2021 WL 2550643, at *3 (E.D. Pa. June 22, 2021) (dismissing complaint for lack of standing because the plaintiff's "risk of identity theft and allegations regarding the value of his PPI are 'dependent on entirely speculative, future actions of an unknown third-party.'") (quoting *Reilly*, 664 F.3d at 42); *Gaddy v. Long & Foster Cos.*, 2022 U.S. Dist. LEXIS 46657, at *12 (D.N.J. Mar. 15, 2022) (following *Reilly*);[3] *Graham v. Universal Health Serv.*, 539 F. Supp. 3d 481, 485 (E.D. Pa. 2021) (citing *Reilly* to dismiss data breach claims based on "speculative" injuries); *In re Rutter's Data Sec. Breach Litig.*, 511 F. Supp. 3d 514, 525 (M.D. Pa. 2021) (same).  Under *Reilly*, Plaintiff's speculative increased risk of future harm, and "alleged time and money expenditures to monitor [her] financial information do not establish standing." 664 F.3d at 46.

---

[3] As *Gaddy* is not available on Westlaw, it is attached hereto as Exhibit A.

### 2. *Plaintiff's Unauthorized Credit Card Charge Cannot Be Plausibly Traced to Albertsons*

Plaintiff effectively concedes that her "increased risk of identity theft" allegations are hypothetical but attempts to overcome this with a single allegation in the Complaint, which is excerpted below:

> These harms are not just hypothetical in Plaintiff's case. In December of 2022, Plaintiff noticed an unauthorized charge on her credit card that she was forced to take time to resolve through her credit card company.

Compl. ¶ 65.  This unauthorized credit card charge cannot constitute an injury-in-fact here, because the charge at issue cannot plausibly be traced to Albertsons or the data breach at issue for two reasons.

First and foremost, Plaintiff fails to allege that she ever provided Albertsons with her credit card information or that Albertsons had her credit card information.  Nor does she allege that her credit card information was involved in the Incident.  Instead, Plaintiff affirmatively pleads that the unknown hackers gained access only to ***employee names, dates of birth, and Social Security numbers***.  Compl. ¶¶ 1–2, 25.  Plaintiff therefore fails to plead a causal link between the data breach and the credit card charge.  *See In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*, 45 F. Supp. 3d 14, 31 (D.D.C. 2014) (holding that unauthorized bank and credit card charges were not traceable to the alleged data breach because "[n]o one alleges that credit-card, debit-card, or bank-account information was on the stolen tapes").  While the Complaint includes general allegations about what Plaintiff refers to as "the mosaic effect"—described as a hypothetical scenario where "computer programs ***may*** scan the Internet . . . to create a mosaic of information that ***may*** be used to link compromised information to an individual" (Compl. ¶ 50 (emphasis added))—there are no specific allegations that would allow the Court to plausibly infer that the unknown hackers actually used Plaintiff's name, date of birth, and Social Security number

to obtain her credit card account information. *See Salas v. Acuity-CHS, LLC*, 2023 WL 2710180, at *6 (D. Del. Mar. 30, 2023) (rejecting a "mosaic effect" theory as "mere speculation");[4] *Blood v. Labette Cnty. Med. Ctr.*, 2022 WL 11745549, at *5 (D. Kan. Oct. 20, 2022) ("[Plaintiffs] . . . do not plead any facts suggesting how the mere possession of their Social Security numbers and names would enable someone to make unauthorized charges on an existing account . . .").

Second, while the Incident occurred between December 22 and December 24, 2022, Compl. n.2,[5] Plaintiff alleges that she first **noticed** the unauthorized charge in "December of 2022," without specifying the date of the charge itself. Compl. ¶ 65. In other words, Plaintiff does not even plead that the unauthorized charge occurred *after* the Incident (or even that she "noticed" the charge after the Incident)—just that she noticed an unauthorized charge in the same month.[6] For this additional reason, Plaintiff has failed to plausibly allege that the unauthorized credit card charge can be fairly traced to Albertsons. *See In re Ambry Genetics Data Breach Litig.*, 2021 WL 2935303, at *2 (C.D. Cal. Apr. 7, 2021) ("[T]he harm Plaintiffs allege they suffered is not fairly traceable—at least not plausibly so—to the conduct they complain of . . . . For example, Plaintiffs

---

[4] Although Judge Anderson found that Salas had standing, this was due to "other allegations of misuse, including misuse of the information directly impacted by the data breach—her name, date of birth, and Social Security number—which she alleges are 'for sale on the Dark Web.'" *Salas*, 2023 WL 2710180, at *6. No such allegations of misuse are present here.

[5] Footnote 2 of the Complaint references a URL link to a notice from the Maine Attorney General concerning the data breach at issue. That notice states that the Incident "Occurred" between December 22 and December 24, 2022. The Court can consider this notice at the motion to dismiss stage because it "may [ ] consider the complaint **and documents referenced therein or attached thereto**." *In re Cyclobenzaprine Hydrochloride Extended-Releases Capsule Patent Litig.*, 693 F. Supp. 2d 409, 414 (D. Del. 2010) (emphasis added).

[6] At the same time, Plaintiff recognizes that "there may be a substantial time lag . . . between when PII is stolen and when it is used." Compl. ¶ 57. Here, even if the unauthorized charge did in fact occur after December 22, the "time lag" would have to be less than 10 days for Plaintiff to have noticed it "in December 2022." It would therefore still be highly implausible that the charge could be traced to Albertsons—especially considering that the data breach did not involve credit card information.

allege that unauthorized parties obtained their passwords, but there is no allegation that any of Plaintiffs' passwords were stolen in the data breach. It is much more likely, then, that the injury Plaintiffs suffered is 'the result of the independent action of some third party not before the court.'" (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992))).

**B.      Plaintiff's Claims Also Fail as a Matter of Law**

As set forth above, Plaintiff lacks Article III standing, and the Court should therefore dismiss the entire Complaint on that basis alone. But even if Plaintiff had alleged a concrete and imminent injury-in-fact that is traceable to Albertsons (she has not), the Complaint still fails because Plaintiff does not allege facts that, even if true, state a viable claim against Albertsons under Utah law.[7]

*1.   The Complaint Fails to State a Claim for Negligence*

To prevail on a claim for negligence under Utah law, Plaintiff must allege a legally recognized duty, breach of that duty, and legally compensable damages proximately caused by Defendant. *Cope v. Utah Valley State College,* 342 P.3d 243, 248 (Utah 2014). As detailed below, Plaintiff's negligence claim fails for multiple reasons.

---

[7] Albertsons analyzes Plaintiff's claims under Utah law for the purposes of this Motion under Rule 12(b)(6) because Plaintiff is a citizen of Utah and, therefore, any alleged injury that Plaintiff has experienced was experienced in Utah. Compl. ¶ 13. Under Delaware's choice-of-law rules, "the Delaware Supreme Court has directed Delaware courts to apply the law of the state where the injury occurred unless another state has a more significant relationship to the occurrence and the parties." *New Zealand Kiwifruit Mktg. Bd. v. City of Wilmington*, 825 F. Supp. 1180, 1185 (D. Del. 1993). Here, no other state has a more significant relationship to the occurrence and the parties. The Incident was perpetrated by an unauthorized third party and the location of that third party's actions are not alleged in the Complaint. Accordingly, Plaintiff has not alleged any facts to overcome the "presumption that the law of the place where the injury occurred should govern." *Bell Helicopter Textron, Inc. v. Arteaga*, 113 A.3d 1045, 1053 (Del. 2015).

>(1)     *Plaintiff Does Not Plausibly Allege Any Legally Cognizable*
>        *Damages Proximately Caused by Albertsons' Alleged*
>        *Conduct.*

Apart from an allegation in the Complaint that, as a result of the Incident, she experienced an unauthorized charge on one of her credit cards, Plaintiff's alleged injuries consist of a purported increased risk of future harm and voluntarily incurred expenditures to mitigate against that future harm.  Compl. ¶¶ 46, 98-99, 101.  But Utah law "does not recognize an inchoate wrong, and therefore, until there is actual loss or damage resulting to the interests of another, a claim for negligence is not actionable."  *Seale v. Gowans*, 923 P.2d 1361, 1364 (Utah 1996).  Under this rule, "even though there exists a possibility, even a probability, of future harm, it is not enough to sustain a claim, and a plaintiff must wait until some harm manifests himself."  *Riggs v. Asbestos Corp. Ltd.*, 304 P.3d 61, 67 (Utah Ct. App. 2013).

Plaintiff's allegation that she "noticed an unauthorized charge on her credit card that she was forced to take time to resolve through her credit card company," in December 2022, *see* Compl. ¶ 65, does not allow her to bring a claim for negligence because Plaintiff has not alleged any facts that plausibly demonstrate that this unauthorized charge was proximately caused by the Incident.  To establish a claim for negligence, Plaintiff must demonstrate that she suffered a legally cognizable injury that was proximately caused by Albertsons' conduct.  *Steffensen v. Smith's Mgmt. Corp.*, 820 P.2d 482, 486 (Utah Ct. App. 1991).  This means that Plaintiff must plausibly allege that the Incident was "a substantial causative factor" that led to the unauthorized charge.  *McCorvey v. Utah St. Dep't. of Transp.*, 868 P.2d 41, 45 (Utah 1993).  Plaintiff has not done so.  As discussed above, the unauthorized credit card charge that she alleges she experienced could not have been caused by the Incident or by Albertsons' conduct because Plaintiff has not alleged that her credit card information was involved in the Incident or that Albertsons was even in possession

of the number of the credit card on which she allegedly experienced an unauthorized charge. To the contrary, Plaintiff alleges only that the Incident involved "names, dates of birth, and Social Security numbers." Compl. ¶ 1. The Complaint does not contain any factual allegations to plausibly suggest that the alleged compromise of this information led to an unauthorized charge on her credit card. Moreover, Plaintiff fails to plead when the unauthorized charge occurred. She alleges only that she *discovered* the charge in December 2022, but there is no factual basis alleged in the Complaint that the charge occurred after December 22, 2022, when the Incident started. These allegations do not satisfy Utah's requirement that the alleged credit card injury be proximately caused by Albertsons.[8]

(2)      *The Economic Loss Rule ("ELR") Bars Plaintiff's Negligence Claim*

Utah's ELR "bars recovery of economic losses in negligence actions unless the plaintiff can show physical damage to other property or bodily injury." *HealthBanc Int'l, LLC v. Synergy Worldwide, Inc.*, 435 P.3d 193, 196 (Utah 2018). Plaintiff has not alleged that she has sustained – or will in the future sustain – physical injury or property damage. *See* Compl. ¶¶ 65, 69. Plaintiff relies instead on vague, conclusory allegations of lost time and inconvenience which amount, at most, to injuries that are purely economic in nature. *See* Compl. ¶¶ 97–99, 101; *Fox v. Iowa Health Sys.*, 399 F. Supp. 3d 780, 794-95 (W.D. Wis. 2019) (alleged "inconvenience," "lost time," and

---

[8] Indeed, Plaintiff's threadbare allegations about this unauthorized credit card charge preclude her from even establishing Article III's lower "fair traceability" standard. *See* Argument Section I.A.2, *supra*. Her failure to satisfy Article III forecloses her ability to establish proximate cause, which is a higher standard. *See Finkleman v. NFL*, 877 F.3d 504, 510 (3d Cir. 2017) (explaining that the "fairly traceable" causation standard for Article III standing can be met "'even where the conduct in question might not have been a proximate cause of the harm.'") (internal citations omitted); *see also Edmonson v. Lincoln Nat'l Life Ins. Co.*, 725 F.3d 406, 418 (3d Cir. 2013) (describing Article III standing causation "as akin to 'but for' causation and found the traceability requirement met even where the conduct in question might not have been a proximate cause of the harm, due to intervening events").

13

"loss in the value of [plaintiffs'] private . . . information" are economic losses).  Plaintiff's attempt to recover for these economic losses in tort runs headlong into Utah's ELR and requires the dismissal of her negligence claim.

### 2.  The Complaint Fails to State a Claim for Invasion of Privacy

As an initial matter, "invasion of privacy" is not itself a cognizable claim under Utah law, but rather serves as a general term describing four distinct privacy torts.  *Stien v. Marriott Ownership Resorts*, 944 P.2d 374, 377 (Utah Ct. App. 1997).  These four torts include: "(1) intrusion upon the plaintiff's seclusion or solitude, or into plaintiff's private affairs, (2) appropriation, for the defendant's advantage of the plaintiff's name or likeness, (3) public disclosure of embarrassing private facts about the plaintiff, and (4) publicity which places the plaintiff in a false light in the public eye."  *Id.* at 377-78 (internal citations omitted).  Plaintiff's Complaint does not specify which of these four distinct torts she is asserting.  However, because her claim is predicated on the allegation that "Albertsons' unauthorized disclosure of Plaintiff's and Class Members' Private Information to criminal third parties permitted the electronic intrusion into private quarters where Plaintiff's and Class Members' Private Information was stored," Compl. ¶ 111, Plaintiff is apparently attempting to bring a claim for intrusion upon seclusion.[9]

That claim fails under Utah law.  To state an intrusion upon seclusion claim, Plaintiff must allege "(1) that there was 'an intentional substantial intrusion, physically or otherwise, upon the solitude or seclusion of the complaining party,' and (2) that the intrusion 'would be highly offensive to the reasonable person.'"  *Stien*, 944 P.2d at 378.  Plaintiff has not alleged any facts to suggest that Albertsons intentionally intruded upon her solitude.  To the contrary, she bases her

---

[9] Plaintiff does not allege any facts that could state a claim for appropriation of her name or likeness, public disclosure of embarrassing private facts about the plaintiff, or publicity which places the plaintiff in a false light in the public eye.  *See Stien*, 944 P.2d at 377-78.

claims against Albertsons on its alleged "failure to properly secure and safeguard . . . personally identifying information from hackers," not on any intentional conduct of Albertsons.  *See* Compl. ¶ 1.  Moreover, an intrusion upon inclusion requires "something in the nature of prying or intrusion."  *Id.*  Plaintiff does not allege that Albertsons pried into her private information.  She contends that she voluntarily provided her personally identifiable information to Albertsons "[a]s a condition of employment with Albertsons."  Compl. ¶ 20, 27.  That allegation forecloses a claim for intrusion upon seclusion.  *See Pascouau v. Martin Marietta Corp.*, 1999 WL 495621, at *14 (10th Cir. July 14, 1999) (noting that for the tort of intrusion upon seclusion "liability attaches only to an *unconsented* invasion through physical or other means that actually gleans private information.") (emphasis in original).

The circumstances Plaintiff alleges here are substantially distinct from circumstances under which Utah courts have recognized a claim for intrusion upon seclusion.  *See Stien*, 944 P.2d at 378 (intrusions upon seclusion include "installation of an electronic listening device in a tenant's bedroom; taking pictures and peeking through windows with binoculars; [and] unauthorized prying into the plaintiff's bank account").  This Court should therefore follow the long line of other courts that have dismissed claims for intrusion upon seclusion arising out of cybersecurity incidents.  *See, e.g.*, *In re Arthur J. Gallagher Data Breach Litig.*, --- F. Supp. 3d ---, 2022 WL 4535092, at *15 (N.D. Ill. Sept. 28, 2022) ("Plaintiffs' claim is deficient because there is no allegation that Defendants obtained Plaintiffs' PII and PHI through an 'unauthorized intrusion.' Instead, the consolidated complaint alleges that Plaintiffs 'disclosed their PII and PHI to Defendants as part of their relationships with Defendants.'"); *Allgood v. PaperlessPay Corp.*, 2022 WL 846070, at *12 (M.D. Fla. Mar. 22, 2022) (dismissing "invasion of privacy" claim because it is an intentional tort and "Plaintiffs do not plead any facts suggesting that PaperlessPay

intentionally shared or exposed Plaintiffs' information or intentionally caused the Data Breach.");
*Schmitt v. SN Servicing Corp.*, 2021 WL 5279822, at *4 (N.D. Cal. Nov. 12, 2021) (dismissing
invasion of privacy claim where "there is no indication of any intentional sharing of information
by" the defendant).  Plaintiff's "invasion of privacy" claim must be dismissed.

### 3.   The Complaint Fails to State a Claim for Breach of Implied Contract

To state a claim for breach of implied contract under Utah law, Plaintiff must plausibly
allege the existence of a contract.  *See Peterson v. Delta Air Lines*, 42 P. 3d 1253, 1256 (Utah Ct.
App. 2002); *In re Zappos.com, Inc.*, 2013 WL 4830497, at *3 (dismissing breach of contract claim
in data breach case because "there is no allegation of any express or implied contract").  This
requires Plaintiff to allege, among other things, facts showing a "meeting of the minds" on the
material terms of an alleged agreement.  *Morgan v. Bd. of State Lands*, 549 P.2d 695, 696 (Utah
1976) ("meeting of the minds" is "essential" to creation of implied contract).

Plaintiff does not allege any facts that would allow the Court to plausibly infer a "meeting
of the minds" or mutual assent regarding any particular data security standards.  Plaintiff alleges
several "implied promises" that Albertsons allegedly made but pleads no facts to support these
assertions.  *See* Compl. ¶¶ 21, 118.  To the contrary, apart from Plaintiff's unsupported assertion
about "implied promises," the Complaint alleges only that Albertsons collected Plaintiff's personal
information "[a]s a condition of [her] employment."  *Id.* ¶ 20.  The Third Circuit has held that
these types of allegations do not "create a contractual promise to safeguard" an employee's
personal information, "especially from third party hackers."  *Longenecker-Wells v. Benecard
Servs.*, 658 F. App'x 659, 662 (3d Cir. 2016); *see also Ramirez v. The Paradies Shops, LLC*, ---
F.4th ---, 2023 WL 3813881, at *5 (11th Cir. June 5, 2023) (dismissing breach of implied contract
claim where plaintiff "failed to allege any facts from which [the court] could infer [the defendant]

agreed to be bound by any data retention or protection policy."); *Gaddy*, 2022 U.S. Dist. LEXIS 46657, at *26 (holding that allegations of express employee policies were insufficient because "neither provision gives rise to a plausible inference that [the defendant] implicitly promised to ward against the theft of Plaintiffs' PII by hackers."); *Cmty. Bank of Trenton v. Schnuck Markets, Inc.*, 2017 WL 1551330, at *5 (S.D. Ill. May 1, 2017), *aff'd*, 887 F.3d 803 (7th Cir. 2018) (dismissing breach of implied contract claim where plaintiffs failed to allege elements of contract including acceptance); *Brush v. Miami Beach Healthcare Grp, Ltd.*, 238 F. Supp. 3d 1359, 1369 (S.D. Fla. 2017) (dismissing implied contract claim because "[n]othing in the . . . Complaint gives rise to a factual inference that the Defendants tacitly agreed to secure [plaintiff's] personal data in exchange for remuneration").  Plaintiff's claim for breach of implied contract must be dismissed.

### 4.  The Complaint Fails to State a Claim for Unjust Enrichment

Plaintiff's claim for unjust enrichment also fails.  To state a claim for unjust enrichment under Utah law, Plaintiff must allege facts establishing the following elements: "(1) a benefit conferred . . . ; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention [of the benefit] by the conferee . . . under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value."  *US Fid. v. US Sports Specialty*, 270 P.3d 464, 468 (Utah 2012).

There are no allegations in the Complaint from which it can be plausibly deduced that Plaintiff conferred a benefit on Albertsons by giving Albertsons her name, birth date, and Social Security number.  Although Plaintiff vaguely states that her information has "inherent value" and that Albertsons "profited from Plaintiff's retained data," Compl. ¶¶ 128–29, the Court must disregard these conclusory allegations.  *See Prescient Med. Holdings, LLC v. Lab. Corporaton of Am. Holdings*, 2019 WL 635405, at *4 (D. Del. Feb. 14, 2019) ("The Complaint's allegations as

17

to 'higher costs,' however, are conclusory and unsupported by any allegations of fact."). Indeed, another court in this Circuit has rejected the notion that giving an entity personal information in connection with employment, without more, confers a benefit sufficient to state an unjust enrichment claim. *See Gaddy*, 2022 U.S. Dist. LEXIS 46657, at *35 ("Plaintiffs provided their personal data to [the defendant] as a condition of their employment. Plaintiffs did not confer a benefit on Defendant by providing Defendant with their personal information; Plaintiffs do not show that Defendant had any use for or derived any value from Plaintiffs' PII."); *see also In re Am. Med. Collection Agency Customer Data Sec. Breach Litig.*, 2021 WL 5937742, at *18 (D.N.J. Dec. 16, 2021) ("there is no such allegation that Defendants, companies that provided medical diagnostic services for Plaintiffs, receive any additional value from Plaintiffs Personal Information"). This claim must be dismissed.

### 5. *The Declaratory Judgment Count Should Also Be Dismissed*

Plaintiff's standalone declaratory judgment claim fails for multiple reasons. First, Plaintiff's request for declaratory judgment should be dismissed because the relief sought is duplicative of Plaintiff's negligence and breach of contract claims. Indeed, Plaintiff seeks a declaration that Albertsons "owes a legal duty," that its "existing security measures do not comply with its implicit contractual obligations and duties of care," and that "Albertsons continues to breach [its] legal duty." Compl. ¶ 143. This request serves no useful purpose, as Plaintiff's requested declarations are nothing more than elements of their negligence and breach of implied contract claims. Courts routinely dismiss duplicative declaratory judgment claims, and this Court should do so here. *See Del. State Univ. Student Hous. Foundation v. Ambling Mgmt. Co.*, 556 F. Supp. 2d 367, 374 (D. Del. 2008) (dismissing declaratory judgment claim where questions presented by that claim "will be answered with the resolution of" the other claims); *JJCK, LLC v.*

*Project Lifesaver Int'l*, 2011 WL 2610371, at *6 (D. Del. July 1, 2011) ("If the declaratory judgment claim bears 'complete identity of factual and legal issues' with another claim being adjudicated by the parties, the Court is within its discretion to dismiss the declaratory judgment action."); *see also Aluminum Co. of Am. v. Beazer E., Inc.*, 124 F.3d 551, 560 (3d Cir. 1997) (recognizing that district courts have discretion to dismiss requests for declaratory judgment that "would serve no useful purpose").

Additionally, Plaintiff's standalone declaratory judgment claim should be dismissed because her request for declaratory judgment amounts to "a request for a remedy, not an independent cause of action." *Lewis v. Gov't Emples. Ins. Co.*, 2019 U.S. Dist. LEXIS 41403, at *9 (D.N.J. Mar. 14, 2019) (citing *Kabbaj v. Google Inc.*, 592 F. App'x 74, 74 n.2 (3d Cir. 2015) ("[Declaratory] and injunctive relief are remedies rather than causes of action."); *see also Jordan v. Mirra*, 2017 U.S. Dist. LEXIS 149034, at *60 (D. Del. Sept. 14, 2017) ("The Declaratory Judgment Act provides an equitable remedy, and is not an independent cause of action."); *Mulqueen v. Energy Force, LLC*, 2013 WL 6051020, at *11 (M.D. Pa. Nov. 14, 2013) (dismissing "claim for relief under the Declaratory Judgment Act" on the basis that the "Act is not cognizable as a separate cause of action"). Therefore, Plaintiff's standalone declaratory judgment claim should be dismissed.[10]

---

[10] Plaintiff also includes a request for injunctive relief in her count for a declaratory judgment. *See* Compl. ¶ 144. But Plaintiff has not plausibly alleged that she is entitled to injunctive relief because she has not pled any facts to plausibly suggest that she "will suffer irreparable injury" for which they have "no remedy available at law." *TD Bank N.A. v. Hill*, 928 F.3d 259, 278 (3d Cir. 2019). Rather, her alleged irreparable injury is predicated on the hypothetical possibility that Albertsons will be the victim of another data security incident. *See* Compl. ¶ 145 ("If another breach at Albertsons occurs, Plaintiff will not have an adequate remedy at law. . . ."). But she pleads no facts to plausibly suggest that this will ever come to pass. Nor does she explain how the issuance of an injunction would purportedly "prevent[] a subsequent data breach at Albertsons." *Id.* ¶ 147. This "defeats a request for injunctive relief." *TD Bank*, 928 F.3d at 278.

## VI.    <u>CONCLUSION</u>

Based on the foregoing, Plaintiff lacks standing for her claims against Albertsons and otherwise fails to state a single plausible claim for relief under Utah law. The Court should therefore dismiss the Complaint in its entirety pursuant to either Rule 12(b)(1) or Rule 12(b)(6).


                                                     POTTER ANDERSON & CORROON LLP

OF COUNSEL:                                          By:  */s/ John A. Sensing*
                                                          John A. Sensing (#5232)
Cari K. Dawson                                            Hannah L. Paxton (#7096)
Gavin Reinke                                              Hercules Plaza, 6th Floor
Thomas Grantham                                           1313 North Market Street
Taylor Lin                                                Wilmington, Delaware 19801
ALSTON & BIRD LLP                                         (302) 984-6000 – Telephone
1201 West Peachtree Street                                jsensing@potteranderson.com
Atlanta, GA 30309                                         hpaxton@potteranderson.com
Telephone: 404-881-7000
Facsimile: 404-881-7777                              *Attorneys for Defendant Albertsons Companies,*
cari.dawson@alston.com                               *Inc.*
gavin.reinke@alston.com
thomas.grantham@alston.com
taylor.lin@alston.com

Dated:  June 26, 2023