# Exhibit 1

*Medina v. Albertsons Companies, Inc.*, Case No. 1:23-cv-00480 (D. Del.)
*Alberto v. Albertsons Companies, Inc.*, Case No. 1:23-cv-00251-DKG (D. Idaho)

## CLASS SETTLEMENT AGREEMENT AND RELEASE

This Class Settlement Agreement and Release ("Class Settlement Agreement") is made and entered into by and among the following Settling Parties (as defined below): (i) Plaintiffs Laura Medina and Maryelin Alberto ("Representative Plaintiffs" or "Plaintiffs"), individually and on behalf of the Settlement Class (as defined below), by and through their counsel, Mason Barney and Tyler Bean of SIRI & GLIMSTAD LLP and David K. Lietz of MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC, and (ii) Defendant Albertsons Companies, Inc. ("Albertsons" and, collectively with Plaintiffs, the "Parties"), by and through its counsel, Cari Dawson and Gavin Reinke of ALSTON & BIRD LLP. The Class Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

This class action litigation arose from a December 2022 data security incident involving Albertsons that was perpetrated by an unauthorized third party that gained access to names, dates of birth, and Social Security numbers of certain current and former Albertsons' employees and their dependents (the "Incident").

Plaintiffs brought their actions individually and on behalf of all persons whose personally identifiable information ("PII") was allegedly compromised and subject to unauthorized access and exfiltration, theft, or disclosure in the Incident. Plaintiff Laura Medina filed an action on May 1, 2023 in the United States District Court for the District of Delaware (the "*Medina* Action"), and

- 1 -

Plaintiff Maryelin Alberto filed an action on May 17, 2023 in the United States District Court for the District of Idaho (the "*Alberto* Action," together with the *Medina* Action, as defined below, the "Litigation"). Both the *Medina* Action and the *Alberto* Action seek to recover damages on behalf of a class of other similarly situated current and former Albertsons' employees.

Albertsons filed motions to dismiss in both the *Medina* Action and the *Alberto* Action. While those motions were pending, after a period of informal discovery and mutual exchange of information, the Parties agreed to a formal mediation. On October 20, 2023, the Settling Parties engaged in a full-day, arms-length mediation before Robert A. Meyer, Esq. of JAMS. Mr. Meyer is a highly sought after and accomplished mediator with a plethora of experience mediating data breach cases.  At the conclusion of the mediation, the Settling Parties reached an agreement to resolve all claims arising from or related to the Incident.  Subsequently, the Settling Parties worked on preparing this Settlement Agreement and the associated exhibits.  The Settling Parties finalized this Class Settlement Agreement on or about January 3, 2023.

Pursuant to the terms agreed to and set out below, this Class Settlement Agreement resolves all actions, proceedings, and claims against Albertsons and the Released Parties that are asserted in, arise from, or relate to Representative Plaintiffs' complaints filed in the *Medina* Action and the *Alberto* Action (including, without limitation, all claims that relate to or arise from the Incident), as well as all other actions by and on behalf of individuals or putative classes arising from the matters referenced in those complaints.

## I.   CLAIMS OF REPRESENTATIVE PLAINTIFFS AND BENEFITS OF THE CLASS SETTLEMENT

Representative Plaintiffs believe the claims asserted in the Litigation, as set forth in the Complaints filed in the Litigation, have merit.  Representative Plaintiffs and Representative Plaintiffs' Counsel recognize and acknowledge, however, the expense and length of continued

proceedings necessary to prosecute the Litigation against Albertsons and the Released Parties through motion practice, trial, and potential appeals.  They have also considered the uncertain outcome, particularly in an area which remains in a state of development, and risk of further litigation, as well as the difficulties and delays inherent in such litigation.  Representative Plaintiffs' Counsel assert that they are highly experienced in class action litigation, particularly in the area of data breach incident litigation, and knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in such litigation and in this Litigation.  In addition, Albertsons contends Plaintiffs will face difficulties in certifying a class, proving liability and causation, and establishing compensable damages on a class-wide basis.  While Representative Plaintiffs' Counsel believe Representative Plaintiffs would prevail on class certification and liability issues as to Albertsons, they nevertheless acknowledge the risks involved in litigation and believe settlement is in the best interests of the Settlement Class.  Representative Plaintiffs' Counsel have determined that the settlement set forth in this Class Settlement Agreement is fair, reasonable, and adequate, and in the best interests of Representative Plaintiffs and the Settlement Class.

## II.    DENIAL OF WRONGDOING AND LIABILITY

Albertsons denies each and all of the claims and contentions alleged against it in the Litigation, believes that it would prevail on the motions to dismiss it filed in the *Medina* Action and the *Alberto* Action, and believes its defenses have merit.  Albertsons denies all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation.  Albertsons specifically disputes that it is liable in any way for the Incident or that the Settlement Class Representatives or Settlement Class Members are entitled to any relief from Albertsons.  Albertsons further disputes that Plaintiffs could meet Rule 23's standards to certify a class in a

- 3 -

contested proceeding.  Nonetheless, Albertsons has concluded that further Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Class Settlement Agreement. Albertsons has also considered the uncertainty and risks inherent in any litigation.  Albertsons has, therefore, determined it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Class Settlement Agreement.

## III.    TERMS OF THE SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Representative Plaintiffs, individually and on behalf of the Settlement Class, and Albertsons that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, except as to those Settlement Class Members who timely opt out of the Class Settlement Agreement, upon and subject to the terms and conditions of this Class Settlement Agreement. The Settling Parties agree that, after entry of Judgment, the Court will retain jurisdiction over the Settling Parties, the litigation, and the Settlement Agreement solely for purposes of (i) enforcing this Agreement and/or Judgment, (ii) addressing settlement administration matters, and (iii) addressing such post-Judgment matters as are permitted by law.

### 1.    DEFINITIONS

As used in this Class Settlement Agreement, the following terms have the meanings specified below:

1.1    "Administration Costs" means all costs and expenses associated with providing notice of the Class Settlement Agreement to the Settlement Class, Claims Administration, and otherwise administering and carrying out the terms of this Class Settlement Agreement.

1.2    "Agreement" or "Class Settlement Agreement" means this Class Settlement

- 4 -

Agreement and Release.

     **1.3**    "Attorneys' Fees and Expenses Award" means such funds as may be awarded by the Court to Settlement Class Counsel to compensate Representative Plaintiffs' Counsel fully and completely for their fees, costs, and expenses in connection with the Litigation.

     **1.4**    "CAFA Notice" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. Sec. 1711, et seq. ("CAFA"), to be served upon the appropriate State official in each State where Class Member resides and the appropriate federal official. Costs for preparation and issuance of the CAFA Notice will be paid by Defendant from the Settlement Fund.

     **1.5**    "Claims Administration" means the processing of payments to Settlement Class Members by the Claims Administrator.

     **1.6**    "Claims Administrator" means Epiq Class Actions & Claims Solutions, Inc ("Epiq"), a company jointly agreed upon by the Settling Parties that is experienced in administering class action claims generally and specifically those of the type provided for in this Litigation, or, if Epiq is not approved by the Court, such other company experienced in administering class action claims generally and specifically those of the type provided for in this Litigation that is jointly agreed upon by the Settling Parties and approved by the Court.

     **1.7**    "Claim Form" shall mean the form used by Settlement Class Members to file claims for monetary relief and credit monitoring, substantially in the form attached hereto as **Exhibit A**, as approved by the Court.

     **1.8**    "Claims Deadline" means the date ninety (90) days after the Notice Date.

     **1.9**    "Class Notice" means the notice of settlement that is contemplated by this Class Settlement Agreement, and which shall include the long form notice ("Long Notice") to be posted

LEGAL02/43669358v13

on the settlement website and a summary notice to be sent via first-class U.S. mail to the individuals who received formal notice of the Incident from Albertsons ("Short Notice"), substantially in the forms attached hereto as **Exhibits B** and **C**, respectively, as approved by the Court.

    **1.10**   "Effective Date" means the date by which all of the events and conditions specified in Paragraphs 1.11 and 1.12 below for the Final Approval Order and Judgment to become Final have occurred or have been met.  The Effective Date shall not be altered in the event the Court declines to approve, in whole or in part, the Attorneys' Fees and Expenses Award or the Incentive Awards.  Further, the Effective Date shall not be altered in the event that an appeal is filed with the sole issue(s) on appeal being the Attorneys' Fees and Expenses Award and/or the Incentive Award.

    **1.11**   "Final" means the occurrence of all of the following events: (a) the settlement pursuant to this Class Settlement Agreement is approved by the Court; (b) the Court has entered a Final Approval Order and Judgment (as that term is defined herein);; and (c) the time to appeal or seek permission to appeal from the Final Approval Order and Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Final Approval Order and Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review.  Notwithstanding the foregoing, any order solely modifying or reversing any Attorneys' Fees and Expenses Award or Incentive Award made in this case shall not affect whether the Final Approval Order and Judgment is "Final" as defined herein or any other aspect of the Final Approval Order and Judgment.

    **1.12**   "Final Approval Hearing" means the final hearing to be conducted by the Court in

connection with the determination of the fairness, adequacy, and reasonableness of this Class Settlement Agreement and the proposed settlement of the Litigation.

1.13    "Final Approval Order and Judgment" means the Court's Order and Judgment Granting Final Approval of Class Action Settlement, which, among other things, approves this Class Settlement Agreement and the settlement of the Litigation as fair, adequate, and reasonable, and confirms the final certification of the Settlement Class, substantially in the form attached hereto as **Exhibit E**.

1.14    "Funding Date" has the meaning set forth in Paragraph 2.2 below.

1.15    "Incident" means the data security Incident involving Albertsons that was perpetrated by an unauthorized third-party in December 2022, which resulted in the unauthorized third-party being able to access certain current and former Albertsons' (and/or its affiliates) employees', dependents', and/or job applicants names, dates of birth, and Social Security numbers, and which forms the basis of the claims filed by Representative Plaintiffs in the Litigation.

1.16    "Litigation" means the actions filed by Plaintiff Laura Medina on May 1, 2023 in the United States District Court for the District of Delaware, Case No. 1:23-cv-00480 (the "*Medina* Action"), and Plaintiff Maryelin Alberto on May 17, 2023 in the United States District Court for the District of Idaho, 1:23-cv-00251-DKG (the "*Alberto* Action").

1.17    "Net Settlement Fund" means the amount of funds that remain in the Settlement Fund after all funds are paid from or allocated for payment from the Settlement Fund for Settlement Costs.

1.18    "Non-Profit Residual Recipient" means the National Cybersecurity Alliance.

**1.19**    "Notice Date" means the date by which the initial Class Notice to the Settlement Class shall be commenced, which shall be within thirty (30) days after the entry of the Preliminary Approval Order.

**1.20**    "Objection Deadline" means sixty (60) days after the Notice Date or such other date set by the Court in the Preliminary Approval Order.

**1.21**    "Opt-Out" means a Settlement Class Member (a) who timely submits a properly completed and executed Request for Exclusion, (b) who does not rescind that Request for Exclusion before the Opt-Out Deadline, and (c) as to whom there is not a successful challenge to the Request for Exclusion.

**1.22**    "Opt-Out Deadline" means the date by which Settlement Class Members must mail or submit through the settlement website their Request for Exclusion in order for it to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes.  The Opt-Out Deadline shall be sixty (60) days after the Notice Date or such other date set by the Court in the Preliminary Approval Order.

**1.23**    "Parties" means Plaintiffs Laura Medina and Maryelin Alberto and Defendant Albertsons Companies, Inc., collectively.

**1.24**    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, affiliates, attorneys, predecessors, successors, representatives, or assignees.

**1.25**    "Personal Information" means information that may have been exposed, compromised, or accessed during the Incident, including full names, addresses, and Social Security

numbers.

**1.26**  "Preliminary Approval Order" means the Court's order granting, among other things, conditional certification of the Settlement Class, preliminary approval of this Class Settlement Agreement and the settlement of the Litigation, and approval of the form and method of Class Notice, substantially in the form set forth in **Exhibit D**.

**1.27**  "Released Claims" means all causes of action and claims for relief that have been asserted, or could have been asserted, by any Settlement Class Member, including Representative Plaintiffs, against any of the Released Parties based on, relating to, concerning, or arising out of the Incident, the alleged compromising and/or theft of Personal Information as a result of the Incident, and the allegations, facts, or circumstances described in the Complaint and the Litigation including, but not limited to negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; failure to maintain adequate or reasonable cybersecurity pursuant to any statutory or common law duty; claims under any state consumer protection statutes; claims under the California Consumer Privacy Act; and including any claims for relief including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief.  Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in the Settlement Agreement, and shall not include the claims of Settlement

Class Members who have timely excluded themselves from the Settlement Class.

**1.28**    "Released Parties" means Albertsons and each of its past, present, and future parents, subsidiaries, divisions, banners, affiliates, whether indirect or direct, as well as these entities' respective predecessors, successors, and assigns, and their past, present, and future directors, officers, employees, agents, vendors, insurers, reinsurers, shareholders, owners, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, service providers, retailers, and the predecessors, successors, and assigns of each of them.

**1.29**    "Releasing Parties" means Plaintiffs and all Settlement Class Members who do not timely and properly exclude themselves from the settlement memorialized in this Class Settlement Agreement, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns.

**1.30**    "Reminder Notice" means a second notice sent to all Settlement Class Members who have not yet filed a claim, by the means used to send the initial Notice (i.e. U.S. Mail). A Reminder Notice will be sent by the Claims Administrator thirty (30) days prior to the Claims Deadline, in the event that the Claims Rate (as calculated by the Claims Administrator) is less than 3% of the Settlement Class 45 days prior to the Claims Deadline. The Parties shall agree on the language to be used in any Reminder Notice before it is sent, and any Reminder Notice will be paid for out of the Settlement Fund.

**1.31**    "Request for Exclusion" means a substantially completed and properly-executed written request that is timely delivered to the Claims Administrator by a Settlement Class Member under Paragraph 5 of this Class Settlement Agreement and is postmarked or submitted through the settlement website on or before the Opt-Out Deadline.  For a Request for Exclusion to be properly

- 10 -

completed and executed, subject to approval by the Court, it should: (a) state the Settlement Class Member's full name, address, and telephone number; (b) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian, or person acting under a power of attorney, along with evidence of appointment of such person acting on the Settlement Class Member's behalf; and (c) clearly manifest the Settlement Class Member's intent to be excluded from the settlement.  All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, *i.e.*, a separate request with a separate original signature is required for every Settlement Class Member seeking exclusion.

1.32    "Service Award" means such funds as may be awarded by the Court to the Representative Plaintiffs for their service as Representative Plaintiffs.

1.33    "Settlement Claim" means a claimant's claim for relief under Paragraph 2.3 of the Settlement Agreement, including all subparts.

1.34    "Settlement Class" means all individuals in the United States who were sent a notice of the Incident by Albertsons on or around April 21, 2023.  Excluded from the Settlement Class are any judge presiding over this matter and any of their first-degree relatives, judicial staff, Albertsons' officers or directors, and persons who timely and validly request exclusion from the Settlement Class.

1.35    "Settlement Class Counsel" means Mason A. Barney and Tyler J. Bean of SIRI & GLIMSTAD LLP and David K. Lietz of MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC.

1.36    "Settlement Class Member" means a member of the Settlement Class.  The Settling

Parties believe that there are approximately 32,878 Settlement Class Members.

**1.37**   "Settlement Costs" means all costs of the settlement other than payment of Settlement Claims and the costs associated with the Business Practice Commitments identified in Paragraph 2.4, including the costs of carrying out the Notice Program, as set forth in Paragraph 4 herein, Claims Administration, any Attorneys' Fees and Expenses Award, any Service Award to Representative Plaintiffs, and all other expenses or costs related to the settlement.

**1.38**   "Settlement Fund" means a non-reversionary common fund of $750,000.00, which shall be the only amount paid by Albertsons and the sole and exclusive source of all Settlement Costs, payment of Settlement Claims, Administration Costs, Service Awards, and Attorneys' Fees and Expenses Award.  No portion of the Settlement Fund will revert to Albertsons.

**1.39**   "Settling Parties" means, collectively, Albertsons and Representative Plaintiffs, individually and on behalf of the Settlement Class.

**1.40**   "Unknown Claims" means any of the Released Claims that Releasing Parties do not know or suspect to exist in their favor at the time of the release of the Released Parties and that, if known by them, might have affected their settlement with, and release of, the Released Parties, or might have affected their decision to participate in this Class Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Releasing Parties expressly shall be deemed to have, and by operation of the Final Approval Order shall have, released any and all Released Claims, including Unknown Claims, and waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which are

similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Releasing Parties may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Releasing Parties expressly shall be deemed to have, and by operation of the Final Approval Order shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims including Unknown Claims.

**1.41**    "Unreimbursed Economic Losses" refers to both valid and verified Ordinary Losses under paragraph 2.3.1(a) and Extraordinary Losses under paragraph 2.3.1(b).

**1.42**    All time periods described in this Class Settlement Agreement in terms of "days" shall be in calendar days unless otherwise expressly stated herein.  Days shall be counted as described in Fed. R. Civ. P. 6.  If a deadline set forth in this Class Settlement Agreement falls on a Saturday, Sunday, or legal federal holiday, the deadline shall be extended to the next day that is not a Saturday, Sunday, or legal federal holiday.

## 2.    SETTLEMENT CONSIDERATION

**2.1**    In consideration for the releases contained in this Class Settlement Agreement, and without admitting liability for any of the alleged acts or omissions alleged in the Litigation, and in the interests of minimizing the costs inherent in any litigation, Albertsons will perform all the following.

**2.2**    Albertsons will pay the Settlement Fund to the Claims Administrator as follows: (a) within fourteen (14) days after entry of the Preliminary Approval Order, Albertsons will

- 13 -

advance the amounts necessary to pay for the estimated costs of the Notice Program, as set forth in Paragraph 4 herein, and Claims Administration (which amounts shall be determined and requested by the Claims Administrator), and which advances will be credited against the Settlement Fund; and (b) Albertsons will pay the balance of the Settlement Fund into the Escrow Account by or before the funding Date.  (The "Funding Date" shall be seven (7) days after the Effective Date.)

2.3    The Claims Administrator will agree to make the following compensation from the Settlement Fund available to Settlement Class Members who submit valid and timely Claim Forms. To be timely, a Settlement Class Member must either submit the online Claim Form on or before the Claims Deadline, or must mail a printed Claim Form that is postmarked on or before the Claims Deadline.  Claims will be subject to review for completeness and plausibility by the Claims Administrator.  Claimants will have the opportunity to seek review by the Claims Administrator if they dispute the Claims Administrator's initial determination.   Should any Claimant seek review of such initial determination, the Parties shall be afforded notice and an opportunity to respond.  The Claims Administrator will make the final determination as to the validity of Claims and its decision shall be binding.

2.3.1  Compensation for Out-of-Pocket Losses and Lost Time: Settlement Class Members who submit valid and timely Claim Forms with supporting documentation may receive compensation for one or more of the following categories of loss resulting from the Incident. Claim Forms submitted by Settlement Class Members must be signed with an attestation that the information submitted is true and correct to the best of their knowledge and belief, specifically, "I swear and affirm under the laws of my state that

- 14 -

the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below."

a.  <u>Compensation for Ordinary Losses:</u>  Settlement Class Members may receive compensation for unreimbursed losses, up to a total of $1,000 per person, upon submission of a claim and supporting documentation, including the following below. Claims submitted under this subparagraph 2.3.1(a) must be supported by documentation that is not self-prepared.

   i.  *Out of pocket expenses incurred* as a result of the Incident, including, without limitation, bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel;

   ii.  *Fees for credit reports, credit monitoring, or other identity theft insurance product* purchased between December 23, 2022 and the date of the Claims Deadline;

   iii.  *Up to 5 hours of lost time*, at $25/hour, if at least one full hour was spent dealing with the Incident. An attestation from the Settlement Class Member, specifically, "I swear and affirm under the laws of my state that, to the best of my knowledge and belief, any claimed lost time was spent related to the Data Incident," shall constitute sufficient evidence to support a claim for lost time.

b.  <u>Compensation for Extraordinary Losses for a Victim of Actual Identity Theft:</u> Settlement Class Members may receive up to $5,000 in compensation to each Claimant for proven monetary loss as a result of actual identity theft if:

- 15 -

      i.  The loss is an actual, documented (with non-self-prepared documentation), and unreimbursed monetary loss;

      ii.  The loss was fairly traceable to the Incident;

      iii.  The loss occurred from December 23, 2022 through the Claims Deadline;

      iv.  The loss is not already covered by one or more of the examples of out-of-pocket losses above; and

      v.  The Settlement Class Member made reasonable efforts to avoid, mitigate, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

c.  <u>Identity Theft Monitoring</u>: In addition to the foregoing benefits, each Settlement Class Member will be entitled to claim three (3) years of 3-bureau identity theft monitoring to Settlement Class Members. The identity theft monitoring shall be paid from the Settlement Fund and will include:

      i.  Real time monitoring of the credit file at all three bureaus;

      ii.  Dark web scanning with immediate notification of potential unauthorized use;

      iii.  Public record monitoring;

      iv.  Medical identity monitoring;

      v.  Identity theft insurance (no deductible); and

      vi.  Access to fraud resolution agents to help investigate and resolve identity thefts.

**2.3.2**  <u>Alternative Cash Payment</u>: In lieu of all other settlement benefits listed in Paragraphs 2.3.1(a), 2.3.1(b), and 2.3.1(c) above, each Settlement Class Member may choose to receive a cash payment in the amount of $75, subject to a *pro rata*

- 16 -

adjustment (upwards or downwards) as set forth in Paragraph 2.10 after all other expenses are paid from the Settlement Fund.

**2.4** <u>Business Practice Commitments</u>: Albertsons agrees to adopt, implement, and/or continue the following business practices set forth below ("Business Practice Commitments") through December 31, 2025, subject to the terms and conditions of this Section:

- Revise communications protocols and requirements
- Enhance contracts and notification requirements for third-party vendors
- Strengthen associate education and awareness campaigns
- Deploy and configure modern machine-learning based email protection
- Maintain endpoint protection for Windows, Linux and critical assets
- Maintain security controls around identity management services
- Migrate sensitive edge data from non-centralized file servers to cloud
- Maturing of data security practices

The Parties acknowledge that technical and business requirements for securing information evolve and change dynamically. In the event that technological or industry developments, or intervening changes in law, business practices, or business structure, render specific Business Practice Commitments obsolete or make compliance by Albertsons with them unreasonable, unnecessary, or impractical, Albertsons may modify its business practices as necessary to ensure appropriate data security practices are being followed. All costs associated with implementing the Business Practice Commitments will be borne by Albertsons separate and apart from the Settlement Fund.

Within thirty (30) days of the execution of this Settlement Agreement, Albertsons agrees to provide a confidential, non-public declaration, which is to be treated as attorneys' eyes only, providing additional detail regarding the Business Practice Commitments set forth above. Albertsons will also include in that non-public, confidential declaration information about its use of multi-factor authentication.

- 17 -

Within fourteen (14) days of the execution of this Settlement Agreement, Albertsons agrees to provide to Plaintiffs' counsel the estimated cost of implementing the Business Practice Commitments identified above.

2.5     **Assessing Claims for Documented Losses**. The Claims Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. The Claims Administrator shall have the sole discretion and authority to determine whether and to what extent documentation for Ordinary or Extraordinary Losses reflect valid Unreimbursed Economic Losses actually incurred that are fairly traceable to the Incident, but may consult with both Class Counsel and Albertsons' Counsel in making individual determinations. The Claims Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

2.6     **Assessing Claims for Lost Time**. The Claims Administrator shall have the sole discretion and authority to determine whether the prerequisites have been met in order to award payments of lost time under Paragraph 2.3.1(a)(iii) above, but may consult with both Class Counsel and Albertsons' Counsel in making individual determinations. The Claims Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

2.7     **Assessing Claims for Alternative Cash Payments**. The Claims Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. A Settlement Class Member shall not be required to submit any documentation or additional information in support of their claim for an alternative cash payment under Paragraph 2.3.2 above. However, the Claim Form must clearly indicate that the Settlement Class Member is electing to claim the alternative cash payment in lieu of any other monetary benefits made available under

this Settlement Agreement and, specifically, Paragraph 2.3.1(a), 2.3.1(b), and 2.3.1(c) above. The Claims Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity. In the event of any ambiguities in the Claim Form, the Claims Administrator must contact the Settlement Class Member prior to making a determination as to its validity and, specifically, to determine whether the Settlement Class Member wishes to file a claim for an alternative cash payment or any other benefits made available under this Settlement Agreement.

      **2.8** **Order of Distribution of Funds**. The Claims Administrator must use the funds available in the Net Settlement Fund (after payment of Settlement Costs as defined above) to make payments for approved claims in this order: documented Unreimbursed Economic Losses, followed by lost time, followed by credit monitoring, followed by payments for approved claims for pro rata alternative cash payments.

      **2.9** **Deficiencies**. To the extent the Claims Administrator determines a claim for Unreimbursed Economic Losses or lost time is deficient in whole or part, within a reasonable time of making such a determination, the Claims Administrator shall notify the subject Settlement Class Member of the deficiencies and give the Settlement Class Member fourteen (14) days to cure the deficiencies. Such notifications shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such notifications shall be sent via U.S. mail. If the Settlement Class Member attempts to cure the deficiencies but, at the sole discretion and authority of the Claims Administrator, fails to do so, the Claims Administrator shall notify the Settlement Class Member of that determination within ten (10) days. The Claims Administrator may consult with Class Counsel and Defendant's Counsel in making such determinations.

**2.10   Contingencies.** In the event that the Net Settlement Fund is less than the amount required to pay all valid Settlement Claims, then all valid Unreimbursed Economic Loss claims and each valid claim for lost time shall be paid in full, all requests for credit monitoring shall be awarded, and the amounts awarded for alternative cash payment claims shall be reduced on a *pro rata* basis, such that each of the Settlement Class Members who elected to receive an alternative cash payment receives an equal amount.  In no event shall the Settlement Fund be increased for any reason. In the event that the Net Settlement Fund exceeds the amount required to pay all valid Settlement Claims,  then each Settlement Class Member who is entitled to receive payment for Unreimbursed Economic Loss claims, claims for lost time, and/or claims for an alternative cash payment shall receive additional funds increased on a  *pro rata* basis (in other words, the same additional amount will be added to each claimant's payment) so that the Net Settlement Fund is as nearly depleted as possible. Notwithstanding the foregoing, in the event that settlement payments are increased on a *pro rata* basis, under no circumstances shall a Settlement Class member receive more than two times the amount of their original valid claim.

**2.11   Residual Funds for Net Settlement Fund.** To the extent any monies remain in the Net Settlement Fund more than fourteen (14) days after the expiration of the last check issued to the Settlement Class Members, that money will be distributed *pro rata* among all Settlement Class Members who timely submitted a valid and approved Claim Form or, if in the Parties' discretion too little money remains to make such a payment, the money will be donated to the Non-Profit Residual Recipient.

**2.12**   All attestations required by this Section must be executed by the Settlement Class Member, but may be executed by any means permitted by federal or state law.

**3   PRELIMINARY SETTLEMENT APPROVAL AND FINAL APPROVAL**

**3.1**     As soon as practicable after the execution of the Class Settlement Agreement, Settlement Class Counsel shall file a motion seeking entry of a Preliminary Approval Order in the *Medina* Action.  Settlement Class Counsel shall provide Albertsons with a draft of such motion not less than five (5) days before it is filed, and Settlement Class Counsel shall consider in good faith any proposed edits Albertsons has to that motion.  A proposed Preliminary Approval Order shall be submitted with the motion and shall be substantially in the form set forth in **Exhibit D**. The motion seeking entry of a Preliminary Approval Order shall request that the Court, *inter alia*:

    a)  Stay all proceedings in the Litigation other than those related to approval of the Class Settlement Agreement;

    b)  Stay and/or enjoin, pending Final Approval of the Class Settlement Agreement, any actions brought by Settlement Class Members concerning the Released Claims;

    c)  Preliminarily certify the Settlement Class for settlement purposes only;

    d)  Preliminarily approve the terms of the Class Settlement Agreement as fair, adequate, and reasonable;

    e)  Appoint Representative Plaintiffs as the Settlement Class representatives for settlement purposes only;

    f)  Appoint Settlement Class Counsel as counsel for the Settlement Class for settlement purposes only;

    g)  Approve the Notice Program, as set forth in Paragraph 4 herein, and set the dates for the Opt-Out Deadline, and Objection Deadline;

    h)  Approve the form and contents of a Long Notice substantially similar to the one attached hereto as **Exhibit B**, and a Short Notice substantially similar to the one

- 21 -

attached hereto as **Exhibit C**, which together shall include a fair summary of the Settling Parties' respective litigation positions, the general terms of the settlement set forth in the Class Settlement Agreement, instructions for how to object to or submit a Request for Exclusion from the settlement, and the date, time, and place of the Final Approval Hearing;

i) Appoint a Claims Administrator; and

j) Schedule the Final Approval Hearing.

The Parties shall, before the filing of Plaintiffs' motion for preliminary approval, inform the Court in the *Alberto* Action of the pendency of this Agreement and also file a joint motion to stay all of the proceedings in the *Alberto* Action pending the entry of the Final Approval Order and Judgment in this Action.  In the event the Court in the *Alberto* Action raises any concerns regarding the Class Settlement Agreement, the Parties will work in good faith to resolve those concerns consistent with the terms and intent of this Class Settlement Agreement prior to or in conjunction with seeking preliminary approval in the *Medina* Action.  It is the Parties' intent to effectuate a global settlement encompassing the *Alberto* Action in the *Medina* Action.

3.2    Albertsons will consent to the entry of the Preliminary Approval Order so long as it is substantially in the form attached to this Class Settlement Agreement as **Exhibit D** and is otherwise consistent with this Class Settlement Agreement.

3.3    Settlement Class Counsel and Albertsons shall request that the Court hold a Final Approval Hearing after notice is completed and at least one hundred (100) days after the Notice Date, and grant final approval of the Class Settlement Agreement as set forth herein.

3.4    Settlement Class Counsel shall file a motion for final approval not less than fourteen (14) days prior to the Final Approval Hearing.  Settlement Class Counsel shall provide Albertsons

with a draft of such motion not less than five (5) days before it is filed, and Settlement Class Counsel shall consider in good faith any proposed edits Albertsons has to that motion.

      **3.5**    The proposed Final Approval Order and Judgment that shall be filed with the motion for final approval shall, among other things:

    a) Determine the Class Settlement Agreement is fair, adequate, and reasonable;

    b) Finally certify the Settlement Class;

    c) Determine that the Notice Program, as set forth in Paragraph 4 herein, satisfies due process requirements;

    d) Bar and enjoin any Settlement Class Members who did not timely opt out in accordance with the requirements of this Class Settlement Agreement from asserting any of the Released Claims; and

    e) Release and forever discharge Albertsons and the Released Parties from the Released Claims, as provided for in this Class Settlement Agreement.

**4**    <u>NOTICE PROGRAM</u>

      **4.1**    Within ten (10) days following the filing of the motion for preliminary approval of class action settlement, the Claims Administrator, on behalf of the Defendant, shall cause a CAFA Notice to be served upon the appropriate State and Federal officials. All expenses incurred in connection with the preparation and service of the CAFA Notice shall be borne by Defendant from the Settlement Fund, and under no circumstances will be borne by Plaintiffs or Class Counsel.

      **4.2**    Within five (5) days following the filing of the motion for preliminary approval of class action settlement, Albertsons will provide the Claims Administrator with a list of Settlement Class Members Albertsons has been able to identify which will include, to the extent available, the name and physical mailing address of each Settlement Class Member.   The Claims

Administrator shall cause notice to be disseminated to the Settlement Class Members by direct U.S. mail, pursuant to the Preliminary Approval Order and the Notice Program, as described in Paragraph 4 herein, and in compliance with all applicable laws including, but not limited to, the Due Process clause of the United States Constitution, and to be effectuated pursuant to the provisions set forth below, the costs of which shall be a Settlement Cost.  The Claims Administrator must maintain the list of Settlement Class Members provided by Albertsons pursuant to this Paragraph 4.2 in strict confidence and may not share the list with anyone other than Albertsons.

  **4.3** Class Notice shall be provided to the Settlement Class as follows:

    a) Within thirty (30) days of entry of the Preliminary Approval Order, the Claims Administrator shall send the Short Notice as follows:

      (i) The Claims Administrator shall perform any further investigations deemed appropriate by the Claims Administrator, including using the National Change of Address ("NCOA") database maintained by the USPS, in an attempt to identify current mailing addresses for individuals whose names are provided by Albertsons, so long as the costs of such efforts are proportionate with the amount of the estimated payments to such individuals.

      (ii) The Claims Administrator will send the Short Notice (in postcard form) by first-class U.S. mail, postage prepaid;

      (iii) For any Short Notice (in postcard form) that has been mailed via first-class U.S. mail and returned by the U.S. Postal Service ("USPS") as undeliverable, the Claims Administrator shall re-mail

the notice to the forwarding address, if any, provided by the USPS on the face of the returned mail;

(iv)    Neither the Settling Parties nor the Claims Administrator shall have any other obligation to re-mail individual notices that have been mailed as provided in this Paragraph 4.3; and

(v)    In the event that the Claims Rate (as calculated by the Claims Administrator) is less than 3% of the Settlement Class forty-five (45) days prior to the Claims Deadline, the Claims Administrator shall issue a Reminder Notice (as defined above) thirty (30) days prior to the Claims Deadline.

b)    The Claims Administrator shall establish a dedicated settlement website that includes relevant settlement related documents, including but not limited to this Class Settlement Agreement, the complaints filed in the Litigation, the Long Notice approved by the Court, the preliminary approval motion, and the preliminary approval order. The Claims Administrator shall ensure that claims cannot be submitted on the settlement website without a unique claim ID that will be provided to each Settlement Class Member on the Short Notice and can also be obtained by calling the Settlement Administrator. The Claims Administrator shall maintain and update the settlement website until all payments have been made to Settlement Class Members pursuant to Paragraph 2, above. The Claims Administrator will also post on the settlement website copies of the motion for final approval of the Class Settlement Agreement, and the motion for an Attorneys' Fees and Expenses Award and Incentive Awards and other relevant filings. A toll-free number with interactive voice response and FAQs shall also be made available to address Settlement Class Members' inquiries. The settlement website shall not include any

advertising and shall remain accessible from the Notice Date until one-hundred eighty (180) days following the Effective Date, at which time the Claims Administrator shall terminate the settlement website and transfer ownership of the URL to Albertsons.

4.4     The Short Notice or Long Notice approved by the Court may be adjusted by the Claims Administrator in consultation and agreement with the Settling Parties as may be reasonable and necessary, so long as it is not inconsistent with such approval and does not materially alter the language approved by the Court.

4.5     Prior to the Final Approval Hearing, counsel for the Settling Parties shall cause to be filed with the Court an appropriate declaration from the Claims Administrator demonstrating compliance with the Court-approved Notice Program.

## 5     OPT-OUT PROCEDURES

5.1     Each Settlement Class Member wishing to exclude themselves from the Settlement Class must individually sign and timely mail a written Request for Exclusion to the address designated by the Claims Administrator.

5.2     To be effective, a Request for Exclusion must be postmarked no later than sixty (60) days after the Notice Date or such other date set by the Court in the Preliminary Approval Order.

5.3     Within seven (7) days after the Opt-Out Deadline, the Claims Administrator shall provide the Settling Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all completed Requests for Exclusions.  Settlement Class Counsel may file these materials with the Court, with any Personal Information other than names and cities and states of residence redacted, no later than seven (7) days prior to the Final Approval Hearing.

**5.4**     All Persons who timely and validly opt out of the Settlement Class in accordance with the requirements of this Class Settlement Agreement shall not receive any benefits of or be bound by the terms of this Class Settlement Agreement.  All Persons falling within the definition of the Settlement Class who do not timely and validly opt out in accordance with the requirements of this Class Settlement Agreement shall be bound by the terms of this Class Settlement Agreement and by all proceedings, orders, and judgments in the Litigation.

## 6     OBJECTION PROCEDURES

**6.1**     Each Settlement Class Member who does not file a timely Request for Exclusion may file with the Court a notice of intent to object to the Class Settlement Agreement.  The Long Notice shall instruct Settlement Class Members who wish to object to the Class Settlement Agreement to send their written objections to the Claims Administrator at the address indicated in the Short Notice and Long Notice.  The Long Notice shall make clear that the Court can only approve or deny the Class Settlement Agreement and cannot change the terms.  The Long Notice shall advise Settlement Class Members of the deadline for submission of any objections.

**6.2**     All notices of an intent to object to the Class Settlement Agreement must be written and should include all of the following:

> a)     the objector's full name, address, telephone number, and email address (if any);
>
> b)     a clear and detailed written statement that identifies the basis of the specific objection that the Settlement Class Member asserts;
>
> c)     the identity of any counsel representing the objector;
>
> d)     a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel,

identifying that counsel;

e) a list of all other class action settlements that the objector has objected to in the previous ten (10) years; and

f) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any, and for duly authorized representatives evidence of appointment of same).

6.3    To be timely, written notice of an objection in the appropriate form must be filed or postmarked no later than the Objection Deadline, subject to Court approval.

6.4    Except upon a showing of good cause, any Settlement Class Member who fails to substantially and timely comply with the requirements in this Paragraph 6 for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Class Settlement Agreement, and shall be bound by all the terms of the Class Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the Class Settlement Agreement shall be through the provisions of this Paragraph 6. Without limiting the foregoing, any challenge to the Settlement Agreement, the Final Approval Order, or the judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

## 7    CLAIMS ADMINISTRATION

7.1    The Claims Administrator shall administer and calculate the payments to Class Members.

7.2    No Person shall have any claim against the Claims Administrator, Albertsons, the Released Parties, Albertsons' counsel, Settlement Class Counsel, Representative Plaintiffs' Counsel, and/or the Representative Plaintiffs based on distribution of Settlement Claims.

- 28 -

**7.3**     The Claims Administrator shall agree to hold the Settlement Fund in an interest-bearing qualified settlement fund account, and administer the Settlement Fund, subject to the continuing jurisdiction of the Court and from the earliest possible date, as a qualified settlement fund as defined by Treasury Regulation § 1.46B-1 *et seq*., and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. The Claims Administrator shall pay any taxes owed by the Settlement Fund out of the Settlement Fund.  Except for funding the Settlement Fund, Albertsons shall not have any other financial obligation under the Class Settlement Agreement.  In addition, under no circumstances will Albertsons have any liability for taxes or tax expenses under this Class Settlement Agreement, nor shall Albertsons be responsible for making any tax determinations under this Class Settlement Agreement.

**7.4**     The Claims Administrator will send funds electronically (in an electronic payment format recommended by the Claims Administrator, such as PayPal or Venmo, and agreed-upon by the Settling Parties) or award check for payments to Settlement Class Members within thirty (30) days after the Funding Date.  No distributions will be made without authorization from the Settling Parties.  Award payment checks shall be sent by first-class U.S. mail.  Award payment checks (electronic and paper) shall be valid for a period of one hundred and eighty (180) days from issuance, and shall state, in words or substance that the check must be cashed within one hundred and eighty (180) days, after which time it will become void.  In the event an award payment check becomes void, the Settlement Class Member to whom that award payment check was made payable will forfeit the right to payment and will not be entitled to have the check reissued or to any further distribution from the Settlement Fund or to any further recourse against the Released Parties, and the Class Settlement Agreement will in all other respects be fully enforceable against

the Settlement Class Member.  No later than one hundred and ninety (190) days from the issuance

of the award payment checks, the Claims Administrator shall take all steps necessary to stop

payment on any award payment checks that remain uncashed.

7.5    All Settlement Class Members who fail to timely cash their award payment check

shall be forever barred from receiving an award payment pursuant to this Class Settlement

Agreement, but will in all other respects be subject to, and bound by, the provisions of this Class

Settlement Agreement, including the releases contained herein, and the Final Approval Order and

Judgment.

## 8    RELEASES

8.1    Upon the Effective Date, the Releasing Parties will be deemed by operation of this

Class Settlement Agreement and the Final Approval Order and Judgment to have forever fully,

finally, completely, and unconditionally released, discharged, and acquitted Albertsons and the

Released Parties from any and all of the Released Claims, and will be deemed to have also released

Unknown Claims.  Further, upon the Effective Date, and to the fullest extent permitted by law, the

Releasing Parties, shall, either directly, indirectly, representatively, as a member of or on behalf

of the general public, or in any capacity, be permanently barred and enjoined from commencing,

prosecuting, or participating in any recovery in any action in this or any other forum (other than

the participation in the Class Settlement Agreement as provided herein) in which any of the

Released Claims or Unknown Claims are asserted.

8.2    Upon entry of the Final Approval Order and Judgment, the Releasing Parties shall

be barred from initiating, asserting, or prosecuting against Albertsons and any Released Parties

any claims that are released by operation of the Class Settlement Agreement and the Final

Approval Order and Judgment.

- 30 -

**9**       THE ATTORNEYS' FEES AND EXPENSES AWARD AND INCENTIVE AWARDS

**9.1**       At least seven (7) days prior to the Opt-Out Deadline, Settlement Class Counsel may file a motion seeking reasonable attorneys' fees in an amount not to exceed one-third (33.33 percent, or $250,000) of the Settlement Fund.  In addition, Settlement Class Counsel may seek their reasonable costs and expenses from the Settlement Fund, not to exceed $25,000.  The entirety of the Attorneys' Fees and Expenses Award shall be payable solely from the Settlement Fund.

**9.2**       Settlement Class Counsel will also request from the Court a Service Award for each of the Representative Plaintiffs in the amount of Two Thousand Five Hundred Dollars ($2,500.00), to be paid solely from the Settlement Fund.  Albertsons will not object to Representative Plaintiffs' request for a Service Award payment, unless Representative Plaintiffs' request exceeds the terms outlined in this Class Settlement Agreement.

**9.3**       Within seven (7) days after the Funding Date, the Claims Administrator shall pay any Attorneys' Fees and Expenses Award and Service Awards from the Settlement Fund to an account designated by Settlement Class Counsel.  After the Attorneys' Fees and Expenses Award and the Incentive Awards have been deposited into this account, Settlement Class Counsel shall be responsible for distributing any Incentive Awards to Representative Plaintiffs, and shall have sole discretion in allocating such attorneys' fees and costs, and distributing to each participating Representative Plaintiffs' Counsel firm an allocated share of such attorneys' fees and costs to that firm.  Albertsons shall have no responsibility for distribution of attorneys' fees or costs among participating firms.

**9.4**       No order of the Court or modification or reversal or appeal of any order of the Court concerning the amounts of the Attorneys' Fees and Expenses Award or the Incentive Awards hereunder shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Class Settlement Agreement.

**9.5**    Albertsons shall not be liable for any additional attorneys' fees and expenses of Representative Plaintiffs' Counsel or Settlement Class Counsel in the Litigation.

**10    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

**10.1**    Albertsons' willingness to settle this Litigation on a class-action basis and to agree to the accompanying certification of the Settlement Class is dependent on achieving finality in this Litigation and the desire to avoid the expense of this and other litigation, unless otherwise expressly provided for in this Class Settlement Agreement.  Consequently, Albertsons has the right to terminate this Class Settlement Agreement, declare it null and void, and have no further obligations under this Class Settlement Agreement to the Representative Plaintiffs, the Settlement Class, or Representative Plaintiffs' Counsel/Settlement Class Counsel, unless each of the following conditions occur:

  a) The Court has entered a Preliminary Approval Order without material changes to the agreed-upon Preliminary Approval Order attached as Exhibit D;

  b) The Court enters a Final Approval Order and Judgment without material changes to the agreed-upon Final Approval Order attached as Exhibit E; and

  c) The Effective Date has occurred.

**10.2**    If all of the conditions in Paragraph 10.1 are not fully satisfied or if the Effective Date does not occur, this Class Settlement Agreement shall, without notice, be automatically terminated unless Settlement Class Counsel and Albertsons' counsel mutually agree in writing to proceed with the Class Settlement Agreement.

**10.3**    Albertsons has the right to terminate this Class Settlement Agreement, declare it null and void, and have no further obligations under this Class Settlement Agreement to the Representative Plaintiffs, the Settlement Class, or Representative Plaintiffs' Counsel/Settlement

- 32 -

Class Counsel if greater than twenty percent (20%) of the Settlement Class Members submit valid Requests for Exclusion from the Class Settlement Agreement.

**10.4**     The Parties agree, for purposes of this Class Settlement Agreement only, to the certification of the Settlement Class.  In the event that the Class Settlement Agreement is not approved by the Court or the Class Settlement Agreement is terminated in accordance with its terms: (a) the Settling Parties shall be restored to their respective positions in the Litigation (without prejudice to any of the Settling Parties' respective positions on the issue of class certification or any other issue) and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or litigant, which extension shall be subject to the decision of the Court; (b) Albertsons will still bear any costs of notice and administration through the date of termination; and (c) the terms and provisions of the Class Settlement Agreement and statements made in connection with seeking approval of the Class Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Class Settlement Agreement, including certification of the Settlement Class for settlement purposes only, shall be treated as vacated, *nunc pro tunc*.  Notwithstanding any statement in this Class Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order solely reducing the amount of any Attorneys' Fees and Expenses Award to Settlement Class Counsel shall constitute grounds for cancellation or termination of the Class Settlement Agreement.

**10.5**     For the avoidance of doubt, Albertsons conditionally agrees and consents to certification of the Settlement Class for settlement purposes only, and within the context of the Class Settlement Agreement only.  If the Class Settlement Agreement is not fully approved or is

otherwise terminated for any reason, Albertsons reserves its right to assert any and all objections and defenses to certification of a class, and neither the Class Settlement Agreement nor anything relating to the Class Settlement Agreement, including any Court orders, shall be offered by any Person as evidence or in support of a motion to certify a class for a purpose other than the settlement set forth in this Class Settlement Agreement.

## 11    THE COURT RETAINS JURISDICTION OVER THE ACTION

**11.1**    The Settling Parties agree that, after entry of Judgment, the Court will retain jurisdiction over the Settling Parties, the litigation, and the Settlement Agreement solely for purposes of (i) enforcing this Agreement and/or Judgment, (ii) addressing settlement administration matters, and (iii) addressing such post-Judgment matters as are permitted by law.

## 12    MISCELLANEOUS PROVISIONS

**12.1**    The Settling Parties and their counsel acknowledge that it is their intent to consummate this Class Settlement Agreement and agree to undertake their best efforts to effectuate and implement all terms and conditions of this Class Settlement Agreement, including taking all steps and efforts contemplated by this Class Settlement Agreement, and any other steps and efforts which may become necessary by order of the Court or otherwise.

**12.2**    The Settling Parties intend this Class Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Litigation and with regard to the Released Parties.  The Class Settlement Agreement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the settlement set forth in this Class Settlement Agreement was negotiated in good faith by the Settling Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel.  Subject to Paragraph 12.3 below, the

- 34 -

Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

**12.3** Neither Albertsons nor Representative Plaintiffs, nor their counsel, shall disparage any Released Party, nor shall either Albertsons or Representative Plaintiffs, or their counsel, issue any press release or otherwise initiate press coverage of this settlement. If contacted by the press, the Settling Party may respond generally by stating that they are pleased that the settlement was reached and that it was a fair and reasonable result. Notwithstanding the foregoing, this provision shall not impinge upon or restrict in any way Representative Plaintiffs' Counsels' obligations under the Rules of Professional Conduct in connection with communications with clients, the Settlement Class, and the Court.

**12.4** Neither the Class Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Class Settlement Agreement: (a) is or may be deemed to be or may be used as an admission, or evidence, of the validity or lack thereof of any of the Released Claims or of any wrongdoing or liability of any of the Released Parties including, but not limited to, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (b) is or may be deemed to be or may be used as an admission, or evidence, of any fault or omission of any of the Released Parties including, but not limited to, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Any of the Released Parties may file the Class Settlement Agreement in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or

- 35 -

counterclaim.

**12.5**    The Class Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest. Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

**12.6**    The Class Settlement Agreement contains the entire agreement between the Settling Parties and supersedes all prior agreements or understandings between them.  The terms of the Class Settlement Agreement shall be construed as if drafted jointly by all Settling Parties to this Class Settlement Agreement.  The terms of the Class Settlement Agreement shall be binding upon each of the Settling Parties, their agents, attorneys, employees, successors and assigns, and upon all other Persons or entities claiming any interest in the subject matter hereof, including any Settlement Class Member.

**12.7**    The Class Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Delaware, and the rights and obligations of the parties to the Class Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Delaware without giving effect to that State's choice of law principles.

**12.8**    The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Class Settlement Agreement and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Class Settlement Agreement that cannot be resolved by negotiation and agreement by counsel for the Settling Parties.  The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Class Settlement Agreement and shall retain jurisdiction for the purpose of enforcing all

terms of the Class Settlement Agreement.  The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Claims Administrator.  As part of its agreement to render services in connection with this Settlement, the Claims Administrator shall consent to the jurisdiction of the Court for this purpose.

**12.9**    The individuals signing this Class Settlement Agreement on behalf of Albertsons represent that they are fully authorized by Albertsons to enter into, and to execute, this Class Settlement Agreement on its behalf.  Representative Plaintiffs' Counsel represent that they are fully authorized to conduct settlement negotiations with counsel for Albertsons on behalf of Representative Plaintiffs, and to enter into, and to execute, this Class Settlement Agreement on behalf of the Settlement Class, subject to Court approval.

**12.10**   None of the Settling Parties shall be considered to be the primary drafter of this Class Settlement Agreement or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

**12.11**   The Settling Parties agree that, subject to Paragraph 12.4 of this Agreement, this Class Settlement Agreement, and the Final Approval Order and Judgment following from the Class Settlement Agreement, will not prejudice in any way the Settling Parties' right to raise any of the arguments that the Settling Parties made in this case in any future litigation.

**12.12**   In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable, or void, this Class Settlement Agreement shall continue in full force and effect without said provision to the extent Albertsons does not exercise its right to terminate under Paragraph 10 of this Class Settlement Agreement.

**12.13**   If applicable, within fourteen (14) days after the final resolution of the *Medina* Action and the *Alberto* Action, Settlement Class Counsel shall destroy all confidential, non-public

information obtained in connection with the Litigation and Class Settlement Agreement, and certify the same.

**12.14**   The Settling Parties agree to use their best efforts to ensure that the *Alberto* Action will remain stayed pending final court approval of the Class Settlement Agreement.  Within seven (7) days of the deadline to appeal the Court's final approval of the Class Settlement Agreement or, if an appeal is filed, within seven (7) days of the final resolution of any appeal, Plaintiff in the *Alberto* Action shall file a notice dismissing the *Alberto* Action with prejudice.

**12.15**   All notices or formal communications under this Class Settlement Agreement shall be in writing and shall be given (a) by hand delivery, (b) by registered or certified mail, return receipt requested, postage pre-paid, or (c) by overnight courier to counsel for the Settling Party to whom notice is directed at the following addresses, and under all of the foregoing also send a copy by electronic mail:

| Representative Plaintiffs and the Settlement Class: | Albertsons: |
|---|---|
| Mason A. Barney and Tyler Bean<br>**SIRI & GLIMSTAD LLP**<br>745 Fifth Avenue, Suite 500<br>New York, New York 10151<br>Tel: (212) 532-1091<br>E: mbarney@sirillp.com<br>E: tbean@sirillp.com<br><br>AND<br><br>David K. Lietz<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN**<br>5335 Wisconsin Avenue NW<br>Suite 440<br>Washington, D.C. 20015-2052<br>Tel: 866.252.0878<br>E: dlietz@milberg.com | Cari Dawson and Gavin Reinke<br>**ALSTON & BIRD LLP**<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Tel: (404) 881-7000<br>E:  cari.dawson@alston.com<br>E: gavin.reinke@alston.com<br><br>AND<br><br>Jon-Peter F. Kelly<br>Senior Vice President – Head of Litigation<br>ATTN: Legal Department<br>Albertsons Companies, Inc.<br>250 E. Parkcenter Blvd.<br>Boise, Idaho 83706<br>E: jon-peter.kelly@albertsons.com<br>E: adwoa.seymour@albertsons.com |

- 38 -

Counsel may designate a change of the person to receive written notice or a change of address, from time to time, by giving written notice to all Settling Parties in the manner described in this Paragraph 12.15.

**12.16**   The Representative Plaintiffs, Representative Plaintiffs' Counsel/Settlement Class Counsel, Albertsons and Albertsons' counsel may execute this Class Settlement Agreement in counterparts, and the execution of counterparts shall have the same effect as if all Settling Parties had signed the same instrument.  Facsimile, scanned, or digital (*e.g.*, AdobeSign) signatures shall be considered as valid signatures as of the date signed.  This Class Settlement Agreement shall not be deemed executed until signed by the Representative Plaintiffs, all Representative Plaintiffs' Counsel/Settlement Class Counsel, and by counsel for and representative(s) of Albertsons.

For avoidance of doubt, the following are the deadlines established by this Settlement Agreement:

| Action | Deadline |
| --- | --- |
| Albertsons to provide to Plaintiffs' counsel the estimated cost of implementing the Business Practice Commitments | 14 days of execution of the Settlement Agreement |
| Albertsons Confidential Declaration regarding business practice enhancements due | 30 days of the execution of this Settlement Agreement |
| Motion for Preliminary Approval | TBD |
| CAFA Notice to be served on State/Federal officials | 10 days after filing of Motion for Preliminary Approval of Class Action Settlement |
| List of Settlement Class Members to be provided to Claims Administrator | 5 days after filing of Motion for Preliminary Approval of Class Action Settlement |
| Albertsons to pay Claims Administrator amounts necessary for Notice Program | 14 days after entry of Preliminary Approval Order |
| Notice Date | 30 days after entry of the Preliminary Approval Order |

- 39 -

| **File** Motion for Attorneys' Fees and Expenses Awards and Service Awards | 7 days prior to Opt-Out deadline |
| --- | --- |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Opt-Out list due from Claims Administrator | 7 days after Opt-Out deadline |
| Reminder Notice of Claims Deadline to Settlement Class Members if Claims rate is less than 3% | 30 days prior to Claims Deadline |
| Claims Deadline | 90 days after the Notice Date |
| **File Motion for Final Approval** | 14 days before Final Approval Hearing |
| List of Opt-Outs due to Court | 7 days prior to Final Approval Hearing |
| Final Approval Hearing | More than 100 days after Notice Date |
| Effective Date | Date by which all of the events and conditions specified in Paragraphs 1.11 and 1.12 for the Final Approval Order and Judgment to become Final have occurred |
| Funding Date (Albertsons to pay the balance of the Settlement Fund in Escrow Account ) | 7 days after Effective Date |
| Attorneys' Fees and Expenses Awards and Service Awards to be paid | 7 days after Funding Date |
| Settlement Website Accessibility | 180 days after Effective Date |
| Distribution of **Settlement Claims from** Net Settlement Fund (includes Ordinary/Extraordinary Losses, Lost Time, Credit Monitoring, and Pro Rata Alternative Cash Payments) | 30 days after Funding Date |
| Residual Funds from Net Settlement Fund disbursed | 14 days after expiration of last check sent to Settlement Class Members |

- 40 -

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Class Settlement Agreement to be executed on their behalf by their duly authorized counsel of record, all as of the day set forth below:

Dated: _____January 3_____, 2024   _____
Laura Medina

Dated: _____, 2023   _____
Maryelin Alberto

Dated: _____January 4_____, 2024   _/s/ Tyler J. Bean_____
Mason A. Barney or Tyler J. Bean

Dated: _____, 2023   _____
David K. Lietz

*Representative Plaintiffs' Counsel and Proposed Settlement Class Counsel*

Dated: _____, 2023   _____
Albertsons Companies, Inc. *Defendant*

By: _____

Its: _____

Dated: _____, 2023   _____

*Counsel for Defendant*
*Albertsons Companies, Inc.*

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Class Settlement Agreement to be executed on their behalf by their duly authorized counsel of record, all as of the day set forth below:

Dated: _____, 2023    _____
                                   Laura Medina

Dated: __Jan 4, 2024__, 2024       _____
                                   Maryelin Alberto (Jan 4, 2024 11:43 EST)
                                   Maryelin Alberto

Dated: _____, 2023    _____
                                   Mason A. Barney or Tyler J. Bean

Dated: ___January 3___, 2024       _____
                                   David K. Lietz

                                   *Representative Plaintiffs' Counsel and Proposed
                                   Settlement Class Counsel*

Dated: _____, 2023    _____
                                   Albertsons Companies, Inc. *Defendant*
                             By:   _____
                             Its:  _____

Dated: _____, 2023    _____

                                   *Counsel for Defendant
                                   Albertsons Companies, Inc.*

- 41 -

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Class Settlement Agreement to be executed on their behalf by their duly authorized counsel of record, all as of the day set forth below:

Dated: _____, 2023    _____
                                    Laura Medina


Dated: _____, 2023    _____
                                    Maryelin Alberto


Dated: _____, 2023    _____
                                    Mason A. Barney or Tyler J. Bean

Dated: _____, 2023    _____
                                    David K. Lietz

                                    *Representative Plaintiffs' Counsel and Proposed
                                    Settlement Class Counsel*


Dated: January 3_____, 2023    _____
                                    Albertsons Companies, Inc. *Defendant*
                              By:   Adwoa Ghartey-Tagoe Seymour
                              Its:  Vice President Litigation


Dated: January 4_____, 2023    _____
                                    Gavin Reinke

                                    *Counsel for Defendant
                                    Albertsons Companies, Inc.*

- 41 -

# EXHIBIT A

## <u>CLAIM FORM</u>

*Medina v. Albertsons Companies, Inc., Case No. 1:23-cv-00480*

**The DEADLINE to submit or mail this Claim Form is: [MONTH __, 2024]**

### GENERAL INSTRUCTIONS

This class action litigation arose from a December 2022 data security incident involving Albertsons that was perpetrated by an unauthorized third party that was able to access to names, dates of birth, and Social Security numbers of certain current and former Albertsons' (and/or its affiliates) employees and their dependents and job applicants (the "Incident"). If you received a notice about this class action Settlement addressed to you, then the Settlement Administrator has already determined that you are a Settlement Class Member.

As a Settlement Class Member, you are eligible to receive three years of identity theft monitoring services. You are also eligible to receive compensation for unreimbursed economic losses, and compensation for lost time. As an alternative to all of these other benefits, you may claim a pro rata cash payment of the Settlement Fund.

### CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the Settlement. If this information changes before the Settlement benefits are issued, you must notify the Settlement Administrator.

First Name                                                    M.I.    Last Name

Alternative Name(s)

Mailing Address, Line 1: Street Address/P.O. Box

Mailing Address, Line 2:

City:                                                         State:    Zip Code:

Telephone Number (Home)                 Telephone Number (Mobile)

Email Address (Required for Credit Monitoring Services)

Date of Birth (mm/dd/yyyy)              Claim Number Provided on mailed Notice or Obtained from Settlement Administrator

### BENEFIT SELECTION

You may select 1) Identity Theft Monitoring <u>AND</u> 2) Compensation for Lost Time and Compensation for Unreimbursed Economic Losses <u>OR</u> a Cash Payment.

1

## 1. IDENTITY THEFT MONITORING:

If you wish to receive Identity Theft Monitoring Services, check the box below, provide your email address in the space provided in the above "Claimant Information" section, sign, and return this Claim Form. Submitting this Claim Form will not automatically enroll you in Identity Theft Monitoring Services. To enroll, you must follow the instructions that will be sent to you using the email address you provided above after the Settlement is approved and becomes final (the "Effective Date").

☐   I would like to receive Identity Theft Monitoring Services. I have provided my email address above.

## 2. COMPENSATION FOR MONETARY LOSSES OR CASH PAYMENT:

**You may choose to claim either the monetary benefits offered below OR a cash payment. You may only choose either Category A or Category B. If you choose Category B, you may <u>not</u> claim Identity Theft Monitoring.**

### A.  Monetary Losses

<u>Compensation for Lost Time</u>: If you wish to receive Compensation for Lost Time, indicate the total number of hours spent remedying issues related to the Incident, check the box below, sign, and return this Claim Form. You may claim up to 5 hours payable at a rate of $25/per hour. Lost time claimed shall be subject to the $1000 cap on Out-of-Pocket Expenses below.

Total Number of Hours

☐

☐   I swear and affirm under the laws of my state that, to the best of my knowledge and belief, any claimed lost time was spent related to the Data Incident.

### Documented Out-of-Pocket Expenses

All members of the Settlement Class who submit a Valid Claim using this Claim Form are eligible for reimbursement of the following **documented** out-of-pocket expenses, not to exceed $1000 per member of the Settlement Class, that were incurred as a result of the Incident:

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| ○ Out-of-pocket expenses incurred as a result of the Data Security Incident, including bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |

**Examples of Supporting Third Party Documentation:** *Telephone bills, cell phone bills, gas receipts, postage receipts, bank account statements reflecting out-of-pocket expenses. Please note that these examples of reimbursable documented out-of-pocket*

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| *losses are not meant to be exhaustive, but exemplary. You may make claims for any documented out-of-pocket losses that you believe are reasonably related to the Data Breach or to mitigating the effects of the Incident.* | | |
| ○ Fees for credit reports, credit monitoring, or other identity theft insurance products purchased between December 23, 2022 through the close of the Claims Period <<DATE>>. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |
| **Examples of Supporting Documentation:** *Receipts or account statements reflecting purchases made for Credit Monitoring or Identity Theft Insurance Services.* | | |
| ○ Compensation for proven monetary loss, professional fees including attorneys' fees, accountants' fees, and fees for credit repair services incurred as a result of the Data Security Incident. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |
| **Examples of Supporting Documentation:** *Invoices or statements reflecting payments made for professional fees/services.* | | |

## Documented Extraordinary Losses

All members of the Settlement Class who submit a Valid Claim using this Claim Form are eligible for reimbursement of the following **documented** extraordinary loss expenses, not to exceed $5,000 per member of the Settlement Class, that were incurred as a result of actual identity theft. Generally, an extraordinary loss expense is unreimbursed financial loss as the direct result of financial fraud or stolen identity.

An extraordinary loss must meet the following criteria: (i) i.The loss is an actual, documented (with non-self-prepared documentation), and unreimbursed monetary loss; (ii) The loss was fairly traceable to the Incident; (iii)The loss occurred from December 23, 2022 through the Claims Deadline; (iv) The loss is not already covered by one or more of the examples of out-of- pocket losses above; and (v) The Settlement Class Member made reasonable efforts to avoid, mitigate, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| ○ Extraordinary loss expenses incurred as a result of the Data Incident | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |
| Provide a written description of your extraordinary loss expenses: | | |
| | | |

3

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**YOU MUST SUBMIT DOCUMENTATION OF YOUR EXTRAORDINARY LOSS EXPENSES.**

**Examples of Supporting Documentation:** Bank statements, credit card statement, letters from the IRS or other tax authorities, letters from state unemployment agencies, and police reports.

NOTE: You must include documentation supporting your claim for Documented Ordinary or Extraordinary Losses. This can include receipts or other documentation not "self-prepared." "Self-prepared" documents such as handwritten receipts are, by themselves, **not** sufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

### B. Cash

**Cash**: If you wish to receive a $75 cash payment (which may be increased or decreased based upon the number of claims filed), check the box below, provide the email address associated with your PayPal, Venmo, or Zelle account below, sign, and return this Claim Form. A check will be mailed to the address above or will be deposited in the PayPal, Venmo, or Zelle account provided below.

☐   I would like to receive a Cash Payment.

The email address associated with my PayPal account is [OPTIONAL]:

The email address associated with my Venmo account is [OPTIONAL]:

The email address associated with my Zelle account is [OPTIONAL]:

### SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____          _____
Signature                                                                                           Date

4

# EXHIBIT

# B

————————————

## Notice of Albertsons Companies, Inc.
## Security Incident Class Action Settlement

————————————

**If you received notice from Albertson Companies, Inc. that your personal information was potentially compromised in the Incident disclosed in April 2023, you could get a payment from a class action settlement.**

A federal court has authorized this Notice. This is <u>not</u> a solicitation from a lawyer.

**Please read this Notice carefully and completely, your legal rights are affected whether you act or don't act.**

**<u>THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.</u>**

- A Settlement has been proposed in a class action lawsuit against Albertsons Companies, Inc. ("Albertsons" or "Defendant"). The Settlement resolves claims brought by customers potentially impacted by the security incident disclosed in April 2023 and resulting in the potential compromise of Personal Identifying Information ("PII") of employees and their dependents, and job applicants, of Albertsons (and/or its affiliates) (the "Incident").

- You may be eligible to claim 3 years of credit monitoring.

- You also may be eligible to claim reimbursement for documented monetary losses (maximum payment of up to $6,000) from the proposed Settlement. Monetary losses may include up to 5 hours of time spent dealing with the effects of the Incident, reimbursed at a rate of $25 per hour. To receive a payment, you must complete and submit a claim form.

- Instead of (and not addition to) the identity theft monitoring and compensation for monetary losses, you may be eligible to receive a cash payment, currently estimated to be $75.00, but which may be increased or decreased depending upon the number of claims filed.

- Please read this notice carefully. Your legal rights will be affected, and you have a choice to make now.

| Summary of Your Legal Rights and Options | | Deadline |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment or credit monitoring. | Online or Postmarked by [DATE]. |

**Questions? Go to www.XXXXXXXXXXXXX.com or call 1-XXX-XXX-XXXX.**

| **EXCLUDE YOURSELF BY OPTING OUT** | Get no payment. Keep your right to file your own lawsuit against Albertsons for the same claims resolved by this Settlement. | Postmarked by [DATE]. |
|---|---|---|
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | Tell the Court the reasons why you do not believe the Settlement should be approved. You can also ask to speak to the Court at the hearing on [DATE] about the fairness of the Settlement, with or without your own attorney. | Received by [DATE]. |
| **DO NOTHING** | Get no payment or credit monitoring and be bound by the terms of the Settlement. | |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................................................................. **5-6**

    1. **Why did I get this notice?**
    2. **What is this lawsuit about?**
    3. **What is a class action?**
    4. **Why is there a settlement?**

**WHO IS IN THE SETTLEMENT** ..................................................................................**6**

    5. **Who is in the settlement?**
    6. **Are there exceptions to being included?**
    7. **What should I do if I'm not sure whether I am included?**

**THE SETTLEMENT BENEFITS**.................................................................................. **6-8**

    8. **What does the Settlement provide?**
    9. **What can I get from the Settlement?**
    10. **What am I giving up if I stay in the class?**

**HOW TO GET A PAYMENT – MAKING A CLAIM** ........................................................ **8-9**

    11. **How can I get a payment?**
    12. **How much will my payment be?**
    13. **When will I get my payment?**

**THE LAWYERS REPRESENTING YOU** ......................................................................... **9-10**

    14. **Do I have a lawyer in this case?**
    15. **Should I get my own lawyer?**
    16. **How will the lawyers be paid?**

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ................................................. **10-11**

    17. **How do I get out of the Settlement?**
    18. **If I am a settlement class member and don't opt out, can I sue the Defendant for the same thing later?**
    19. **What happens if I opt out?**

**COMMENTING ON OR OBJECTING TO THE SETTLEMENT** .......................................**11**

    20. **How do I tell the Court I don't like the settlement?**
    21. **What's the difference between objecting and opting out?**

**THE COURT'S FAIRNESS HEARING** ................................................................ **12-13**

    **22. When and where will the Court decide whether to approve the Settlement?**
    **23. Do I have to come to the Fairness Hearing?**
    **24. May I speak at the hearing?**

**IF I DO NOTHING** ........................................................................................ **13**

    **25. What happens if I do nothing at all?**

**GETTING MORE INFORMTION** ................................................................ **13**

    **26. Are more details about the Settlement Available?**
    **27. How do I get more information?**

# BASIC INFORMATION

## 1. Why did I get this notice?

You received this notice because you have been identified as a person who previously received a notice from Albertsons mailed in or around April 2023 that your PII may have been accessed or exposed during the Incident. Two individuals who received a notice from Albertsons brought proposed class action lawsuits against Albertsons in 2023, alleging that Albertsons was negligent due to its data security practices. Albertsons denied the allegations and denied that it would be found liable. The parties have now reached a proposed Settlement of the lawsuits.

A court authorized this notice because you have a right to know about your rights under the proposed class action Settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after objections and appeals are resolved, a Claims Administrator appointed by the Court will make the payments that the Settlement allows, and the pending legal claims against Albertsons will be released and dismissed.

This package explains the lawsuit, the Settlement, your rights, what benefits are available, who is eligible for them, and how to get them. The case is *Medina v. Albertsons Companies, Inc.,* Case No. 1:23-cv-00480, currently pending in the United States District Court for the District of Delaware.  The Honorable Maryellen Noreika, United States District Court Judge, is in charge of this case.

## 2. What is this lawsuit about?

This matter is a putative class action (the "Litigation") arising from an Incident whereby a cybercriminal gained unauthorized access to certain of Albertson's computer systems and data resulting in potential access to allegedly sensitive personal information associated with employees and their dependents, and job applicants, of Albertsons (and/or its affiliates). The lawsuit asserts common law claims against Albertsons for alleged negligent data security practices, alleged breach of contract, and statutory claims.

Albertsons denies any allegation of wrongdoing and denies that Plaintiffs would prevail or be entitled to any relief should this matter proceed to be litigated.

## 3. What is a class action?

In a class action one or more people called "Class Representatives" sue on behalf of themselves and other people who have similar claims. This group of people is called the "class," and the people in the class are called "Settlement Class Members" or the "Settlement Class." One court resolves the issues for all Settlement Class Members, except for people who exclude themselves from the class. The persons who sued here—Laura Medina and Maryelin Alberto—are called the Plaintiffs. The entity they sued—Albertsons—is called the Defendant.

## 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendant. Instead, both sides agreed to a Settlement. That way, they avoid the costs and risks of a trial, and Settlement Class Members can get benefits or compensation. The Class Representatives and Class Counsel think the Settlement is in the best interest of the Settlement Class.

## WHO IS IN THE SETTLEMENT?

**5. Who is in the Settlement?**

The Settlement Class is defined as: "all individuals in the United States who were sent a notice of the Incident by Albertsons on or around April 21, 2023."

There are approximately 32,878 Class Members, all of whom are current or former Albertsons' employees.

**6. Are there exceptions to being included?**

Yes, the following are not included in the Settlement Class: any judge presiding over this matter and any of their first-degree relatives, judicial staff, Albertsons' officers or directors, and persons who timely and validly request exclusion from the Settlement Class.

**7. What should I do if I am not sure whether I am included?**

If you are not sure whether you are included in the Settlement Class, you can ask for free help by calling the Claims Administrator, at 1-XXX-XXX-XXXX or you can visit www.XXXXXX.com for more information.

## THE SETTLEMENT BENEFITS

**8. What does the Settlement Provide?**

Under the Settlement, Albertsons will establish a non-reversionary settlement fund in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00). These funds will be used to pay for all valid claims made by Settlement Class Members, notice and administration costs, service awards, and attorneys' fees and costs. In no event shall Albertsons pay more than $750,000.00.

**9. What can I get from the Settlement?**

Settlement Class Members may file a claim for one or more of the following settlement benefits.

**CASH PAYMENT**. As an alternative to filing a claim for reimbursement of Documented Ordinary Losses, Attested Lost Time, Documented Extraordinary Losses, and Identity Theft Monitoring, Settlement Class Members may submit a claim to receive a $75 *pro rata* cash payment from the net Settlement Fund.  The amount of this *pro rata* cash payment will likely increase or decrease depending upon the number of claims filed.

**IF YOU SELECT THIS CASH BENEFIT, YOU MAY NOT CLAIM ANY OF THE OTHER BENEFITS BELOW.**

**Documented Ordinary Losses:**  Settlement Class Members may submit a claim for documented out-of-pocket expenses fairly traceable to the Data Incident, up to $1,000.00 per individual. Ordinary Losses may include: (i) credit monitoring costs that were incurred on or after the Data Incident through the Claims Deadline; and (ii) bank fees, long distance phone charges, postage, or gasoline for local travel. This list of reimbursable documented out-of-pocket expenses is not meant to be exhaustive, rather it is exemplary. Settlement Class Members may make claims for any documented out-of-pocket losses reasonably related to the Data Incident or to mitigating the effects of the Data Incident. Claims for documented ordinary losses must be supported by documentation that is not self-prepared.

**Attested Lost Time:** A Settlement Class Member who spent time remedying issues related to the Data Incident can receive reimbursement for up to five (5) hours of lost time at a rate of $25 per hour with an attestation that the claimed time spent was related the Data Incident. Claims made for time spent can be combined with reimbursement for Ordinary Losses subject to the $1,000.00 aggregate individual cap. Examples of time spent may include (i) changing passwords on potentially impacted accounts; (ii) monitoring for or investigating suspicious activity on potentially impacted medical, financial, or other accounts; (iii) contacting a medical provider or financial institution to discuss suspicious activity; (iv) signing up for identity theft or fraud monitoring; or (v) researching information about the Data Incident, its impact, or how to protect themselves from harm due to a Data Incident.

**Documented Extraordinary Losses**:  Settlement Class Members are eligible for compensation for proven monetary losses as a result of actual identity theft resulting from the Data Incident, up to a maximum of $5,000.00, upon submission of a valid Claim Form and supporting documentation, provided that: (i) the loss is an actual, documented (with non-self-prepared documentation), and unreimbursed monetary loss; (ii) the loss was fairly traceable to the Incident; (iii) the loss occurred from December 23, 2022 through the Claims Deadline; (iv) the loss is not already covered by one or more of the examples of out-of- pocket losses above; and (v) the Settlement Class Member made reasonable efforts to avoid, mitigate, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

Extraordinary Losses may include, without limitation, the unreimbursed costs, expenses, losses or charges incurred a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of Personal Information.  Claims for documented extraordinary losses must be supported by documentation that is not self-prepared.

**IDENTITY THEFT MONITORING**: Instead of the cash payment, but in addition to the other monetary benefits listed directly above, all Settlement Class Members will be offered the

opportunity to claim a 3-year membership of 3-bureau credit monitoring with at least $1 million in fraud protection.

| **10. What am I giving up if I stay in the Class?** |
| --- |

If you are a Settlement Class Member and you do not exclude yourself from the Settlement, you will give up your right to sue, continue to sue, or be part of any other lawsuit against Defendant or other released parties concerning the claims released by this Settlement. The Settlement Agreement describes the legal claims that you give up if you remain in the Settlement Class. The entire text of the Settlement Agreement can be viewed at www.XXXXXXXXXX.com.

## How to Get a Payment – Making A Claim

| **11. How can I get a payment?** |
| --- |

You must complete and submit a Claim Form by [DATE]. Claim Forms may be submitted online at www.XXXX.com or printed from the website and mailed to the address on the form.  If you are only claiming credit monitoring or the cash payment, you may use the tear-off claim form attached to the postcard notice mailed to you.

Be sure to read the Claim Form instructions carefully, include all required information, and your signature.

The Claims Administrator will review your claim to determine the validity and amount of your payment.

This is a closed class.  The benefits are available only to Settlement Class Members with a unique ID.  All claims submitted by non-Settlement Class Members, or individuals who do not have a unique ID, will be rejected.  If you believe you are a Settlement Class Member, but you do not have a unique ID, you can call the Claims Administrator at 1-XXX-XXX-XXXX to verify that you are Settlement Class Member and to obtain your unique ID.

| **12. How much will my payment be?** |
| --- |

The amount of your payment will depend on the approved amount of your claim and the total value of all approved claims. It is anticipated that the Settlement Fund will be sufficient to provide the full amount of the Cash Payments for all Settlement Class members—however, should the claims exceed the amount of funds available, cash payments will be reduced on a *pro rata* basis.

If you are claiming Monetary Losses under the Settlement, you must describe the loss, any out-of-pocket expenses, their amount, and when and why you incurred them. If your claim is for expenses related to a credit freeze, credit monitoring, identity theft protection, similar services, or other expenditure, you must also attest that you incurred those losses in response to the Data Incident in this case.

Your Monetary Loss claim must be reasonably documented—you must enclose or upload documentation sufficient to show (a) the amount of unreimbursed loss that you suffered, and (b) why you believe that the loss is reasonably attributable to the Data Incident in the case. Documents for financial expenses may include credit card or bank statements, emails, invoices, receipts, or telephone records, including photographs of the same. Personal statements, declarations, or other self-prepared documentation are not considered reasonable documentation, but they may be used to provide clarification, context, or support for other documentation.

To claim reimbursement for time spent dealing with the effects of the Data Incident, you must merely attest that you spent the time claimed dealing with the effects of the Data Incident.

## 13. When will I get my payment?

The Court will hold a hearing on [DATE], to decide whether to approve the Settlement. Payments will be made after the Settlement is approved and becomes final (meaning there is no appeal from the order approving the Settlement). Updates regarding the Settlement will be posted on the Settlement website, www.XXXX.com.

# THE LAWYERS REPRESENTING YOU

## 14. Do I have a lawyer in this case?

Mason Barney and Tyler Bean of SIRI & GLIMSTAD LLP and David K. Lietz of MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC represent the Settlement Class. These lawyers are called Class Counsel. You will not be charged for their services.

## 15. Should I get my own lawyer?

If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you can ask your own lawyer to appear in court for you if you want someone other than Class Counsel to speak for you. You may also appear for yourself without a lawyer.

## 16. How will the lawyers be paid?

The attorneys representing the Class have not yet received any payment for their legal services or any reimbursement of the costs or out-of-pocket expenses they have incurred. Class Counsel plans to ask the Court to award attorneys' fees from the Settlement Fund, not to exceed one third of the Settlement Fund (i.e. not more than $250,000). Class Counsel also may petition the Court for their out-of-pocket costs and expenses, in an amount not to exceed $25,000.

The Settlement Class is represented by two named individuals – Laura Medina and Maryelin Alberto (the "Class Representatives"). In addition to the benefits that the Class Representatives will receive as a member of the Settlement Class—and subject to the approval of the Court—Class Counsel will ask the Court to award a $2,500 Service Award to the Settlement Class Representatives for the efforts they have expended on behalf of the Settlement Class.

The Court will determine whether to approve the amount of fees and costs and expenses requested by Class Counsel and the proposed service awards to the Class Representatives. Class Counsel will file an application for fees, expenses, and service awards no later than [DATE]. The application will be available on the Settlement Website, www.XXXXX.com, or you can request a copy by contacting the Claims Administrator.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**17. How do I get out of the Settlement?**

If you are a Settlement Class Member and you do not want the benefits from the Settlement, and you want to keep your right, if any, to sue Defendant on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself from—or "opting out" of—the Settlement Class.

You may opt out of the Settlement by [DATE]. To opt out, you must send a letter or postcard via U.S. mail to the address below. You should include the following in your letter or postcard:

- The name of this Litigation, *Medina v. Albertsons Companies, Inc.*, Case No. 1:23-cv-00480, or a decipherable approximation;

- Your full name, address, telephone number, and original signature (or the original signature of a person authorized by law to act on your behalf, along with evidence of appointment of such person acting on your behalf);

- The words "Requests for Exclusion" at the top of the document or a clear statement that you want to opt out of the settlement.

You must mail your opt-out request via First-Class postage prepaid U.S. Mail, postmarked no later than [DATE] to:

*Albertsons Claims Administrator*
P.O. Box XXXX
XXXXXX

If you fail to include the required information, your request will be deemed invalid and you will remain a Settlement Class Members and be bound by the Settlement, including all releases.

**18. If I am a Settlement Class Member and don't opt out, can I sue the Defendant for the same thing later?**

No. You must opt out of the Settlement to keep your right to sue Defendant or other released parties for any of the claims resolved by the Settlement.

**19. What happens if I opt out?**

If you opt out of the Settlement, you will not have any rights as a member of the Settlement Class. You will not receive a payment as part of the Settlement. You will not be bound by the Settlement, releases, or by any further orders or judgments in this case. You will keep the right, if any, to sue on the claims alleged in the case at your own expense.

In addition, if you opt out of the Settlement you cannot object to this Settlement because the Settlement no longer affects you. If you object to the Settlement <u>and</u> request to exclude yourself, your objection will be voided and you will be deemed to have excluded yourself.

## COMMENTING ON OR OBJECTING TO THE SETTLEMENT

### 20. How do I tell the Court if I don't like the Settlement?

If you are a Settlement Class Member and you do not opt out of the Settlement, you can object to the Settlement if you do not think it is fair, reasonable, or adequate. You can give reasons why you think the Court should not approve it. You can't ask the Court to change or order a different settlement; the Court can only approve or deny this Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to any part of the proposed Settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

All notices of an intent to object to the Class Settlement Agreement must be written and should include all of the following:

a) the objector's full name, address, telephone number, and email address (if any);

b) a clear and detailed written statement that identifies the basis of the specific objection that the Settlement Class Member asserts;

c) the identity of any counsel representing the objector;

d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel;

e) a list of all other class action settlements that the objector has objected to in the previous ten (10) years; and

f) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any, and for duly authorized representatives evidence of appointment of same).

Completed objections must also be submitted via postal mail to the Claims Administrator at the following address. The objection must be filed with the Claims Administrator, and must be postmarked – no later than [DATE].

*Albertsons Claims Administrator*
P.O. Box XXXX
XXXXX

| **21. What's the difference between objecting and opting out?** |
|---|

Objecting is telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you are a Settlement Class Member and do not opt out of the Settlement. Opting out of the Settlement is telling the Court that you don't want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because it does not affect you.

# THE COURT'S FAIRNESS HEARING

| **22. When and where will the Court decide whether to approve the settlement?** |
|---|

The Court will hold a Final Approval Hearing (also called the Fairness Hearing) on Month __, 2024, at __:_0_ _.m. at the U.S. Courthouse, United States District Court for the District of Delaware, 844 King Street, Wilmington, DE 19801, before Judge Maryellen Noreika. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate; Class Counsel's application for attorneys' fees, costs, and expenses; and whether to approve service awards to the Class Representatives. If there are objections, the Court will consider them. The Court may choose to hear from people who have asked to speak at the hearing. At or after the hearing, the Court will decide whether to approve the Settlement. There is no deadline by which the Court must make its decision.

The Court may reschedule the Fairness Hearing or change any of the deadlines described in this notice. The date of the Fairness Hearing may change without further notice to the Settlement Class Members. Be sure to check the website, www.XXXXXXXXXX.com for updates.

Class Counsel will file a motion for final approval of the Settlement by [DATE]. Objectors, if any, must file any response to Class Counsel's motion by [DATE]. Responses to any objections and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses, and Service Awards will be filed by [DATE].

| **23. Do I have to come to the Fairness Hearing?** |
|---|

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you send an objection, you do not have to come to the hearing to talk about it. As long as you mailed or filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 24. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you should include a statement in your written objection (*see* Question 20) that you intend to appear at the hearing. Be sure to include your name, address, and signature as well. Notwithstanding the foregoing, it is in the judge's discretion to let you speak at the Fairness Hearing. You cannot speak at the hearing if you opt out or exclude yourself from the Class.

# IF I DO NOTHING

## 25. What happens if I do nothing at all?

If you are a Settlement Class Member and do nothing, you will not get any money from this Settlement, and you will not be able to sue the Defendant or other released parties for the claims released by the Settlement Agreement.

# GETTING MORE INFORMATION

## 26. Are more details about the Settlement available?

This notice summarizes the proposed Settlement—more details are in the Settlement Agreement and other case documents available at www.XXXXXX.com, by reviewing the case docket and filings at https://ecf.ded.uscourts.gov/cgi-bin/ShowIndex.pl, or by visiting the Office of the Clerk, United States District Court, 844 North King St Unit 18, Wilmington, DE 19801-3570 between 8:30 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

## 27. How do I get more information?

Visit the website, www.XXXXXXXXX.com, where you will find more information, including the claim form, a copy of the Settlement Agreement, and answers to questions about the Settlement and other information to help you determine whether you are eligible for a payment.

Contact the Claims Administrator, [ADMINISTRATOR NAME], at 1-XXX-XXX-XXXX or by writing to Attn: Albertsons Settlement at:

*Albertsons Claims Administrator*
P.O. Box XXXX
XXXXXXXXXXXX

**PLEASE DO NOT CONTACT THE COURT, THE COURT CLERK'S OFFICE, OR DEFENDANT TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

# EXHIBIT

# C

LEGAL NOTICE

## If you received notice of a December 2022 Data Security Incident from Albertsons, you may be entitled to benefits from a class action settlement.

*A federal district court authorized this Notice.*

**1-___-___-____
www.[website].com**

«Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «ClaimID» - «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

XXX

A settlement has been proposed in a class action lawsuit against Albertsons Companies, Inc. ("Defendant" or "Albertsons") relating to the potential unauthorized access of names, dates of birth, and Social Security numbers by an unauthorized third party that occurred in December 2022 as part of a cyberattack ("Incident"). Albertsons denies all liability.

**Who is included?** Albertsons' records indicate that you are included in the Settlement. The Settlement includes all individuals in the United States who were sent a notice of the Incident by Albertsons on or around April 21, 2023 ("Settlement Class Members").

**What does the Settlement provide?** The Settlement provides Settlement Class Members with the right to claim 3-years of identity-theft monitoring. and compensation for documented out-of-pocket expenses (up to $1000), compensation for lost time (up to 5 hours at $25 per hour), and documented extraordinary losses (up to $5,000). In the alternative to all these other monetary benefits and identity theft protection, Settlement Class Members may claim a pro rata $75 cash payment (increased or decreased depending upon the number of claims approved).

**How do I get benefits?** You must complete and submit a Claim Form by **Month __, 2024**. Claim Forms are available and may be filed online at www.[website].com. If you would like to file a claim for a cash benefit only, you may complete and return the attached Claim Form.

**What are my other options?** If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month __, 2024**. Unless you exclude yourself from the Settlement, you will not be able to sue Albertsons or its related parties for any claim released by the Settlement Agreement. If you do not exclude yourself from the Settlement, you may object and notify the Court that you or your lawyer intend to appear at the Court's fairness hearing. Objections are due **Month __, 2024**.

**The Court's Fairness Hearing.** The Court will hold a final fairness hearing in this case (*Medina v. Albertsons Companies, Inc.*, No. 1:23-cv-00480) on Month __, 2024, at __:_0_ .m. at the U.S. Courthouse, United States District Court for the District of Delaware, 844 King Street, Wilmington, DE 19801. At this hearing, the Court will decide whether to approve: (1) the Settlement; (2) Class Counsel's request for up to $250,000 in attorneys' fees, and reimbursement of expenses up to $25,000; and (3) $2,500 Service Awards to each Class Representative. You may appear at the hearing, but you do not have to. You also may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

«Barcode»

Claim #: XXX- «ClaimID» - «MailRec»

## **CLAIM FORM FOR ALTERNATIVE CASH PAYMENT**

The settlement gives you a choice to claim identity theft protection and monetary benefits for documented out-of-pocket expenses, lost time, and extraordinary benefits, OR a *pro rata* cash payment. If you wish to claim identity theft protection and monetary benefits, you must submit a Claim Form online at www.[website].com or by mail.

If you wish to receive a cash payment (estimated to be $75, adjusted up or down depending up the number of claims filed) instead of receiving any other benefits, check the box below, sign, and return this Claim Form. A check will be mailed to the same address this Notice was mailed to. If you would like to receive your payment via PayPal, Venmo or Zelle, you must submit a Claim Form online at www.[website].com.

☐   I would like to receive a *pro rata* Cash Payment.

**SIGNATURE:** I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____

Signature                                                                              Date

_____

_____

_____

*Albertsons Settlement Administrator*
P.O. Box \_\_\_\_\_
City, ST \_\_\_\_\_-\_\_\_\_

# EXHIBIT

# D

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

LAURA MEDINA, individually and on behalf of
all similarly situated persons,

        Plaintiffs,

v.

ALBERTSONS COMPANIES, INC.,

        Defendant.

Case No. 1:23-CV-00480-MN

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the terms of which are set forth in a Class Settlement Agreement and Release between Plaintiffs Laura Medina and Maryelin Alberto[1] ("Plaintiffs") and Defendant Albertsons Companies, Inc. ("Albertsons" or "Defendant") (together with Plaintiffs, the "Parties"), with accompanying exhibits attached as **Exhibit 1** to the Motion (the "Settlement Agreement").[2]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

---

[1] Ms. Alberto is the plaintiff in a second, parallel class action currently pending in the United States District Court for the District of Idaho, and styled *Alberto v. Albertsons Companies, Inc.*, Case No. 1:23-cv-00251-DKG (the "*Alberto* Action"). Pursuant to Section 12.4 of the Settlement Agreement, the Settling Parties agree to use their best efforts to ensure that the *Alberto* Action will remain stayed pending final court approval of the Settlement Agreement. Within seven (7) days of the deadline to appeal the Court's final approval of the Settlement Agreement or, if an appeal is filed, within seven (7) days of the final resolution of any appeal, Plaintiff in the *Alberto* Action has agreed to file a notice dismissing the *Alberto* Action with prejudice.

[2] All defined terms in this Order ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

all individuals in the United States who were sent a notice of the Incident by Albertsons on or around April 21, 2023.

Specifically excluded from the Settlement Class are any judge presiding over this matter and any of their first-degree relatives, judicial staff, Albertsons' officers or directors, and persons who timely and validly request exclusion from the Settlement Class.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2.    **Settlement Class Representatives and Settlement Class Counsel**. The Court finds that Plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representatives. Additionally, the Court finds that Mason A. Barney and Tyler J. Bean of Siri & Glimstad LLP and David Lietz of Milberg Coleman Bryson Phillips

2

Grossman will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3.     **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

4.     **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5.     **Final Approval Hearing**. A Final Approval Hearing shall be held on _____, 2024, at the J. Caleb Boggs Federal Building, 844 N. King Street, Courtroom 4A, Wilmington, DE 19801, where the Court will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the

Settlement) should be bound by the releases set forth in the  Settlement Agreement; (e) the application of Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representatives for a Service Award should be approved.

6.     **Claims Administrator**. The Court appoints Epiq Class Actions & Claims Solutions, Inc. ("Epiq") as the Claims Administrator, with responsibility for class notice and settlement administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7.     **Notice**. The proposed notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as **Exhibits A, B, and C** are hereby approved. Non-material modifications to these Exhibits may be made by the Claims Administrator in consultation and agreement with the Parties, but without further order of the Court.

8.     **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the

requirements of the Due Process Clause(s) of the United States and Delaware Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9.      **Class Action Fairness Act Notice**. Within ten (10) days after the filing of this Settlement Agreement with the Court, the Claims Administrator acting on behalf of Defendant shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10.     **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator in the manner provided in the Notice. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than sixty (60) days from the date on which the notice program commences, and as stated in the Notice.

If Defendant voids the Settlement Agreement according to its terms, Defendant will be obligated to pay all settlement expenses already incurred through the date of termination, excluding any attorneys' fees, costs, and expenses of Class Counsel and the Service Award to the Class Representative and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

The Claims Administrator shall promptly furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

11.    **Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Date and as stated in the Notice. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to send their written objections to the Claims Administrator at the address indicated in the Short Notice and Long Notice. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Deadline." Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: a) the objector's full name, address, telephone number, and email address (if any); b) a clear and detailed written statement that identifies the basis of the specific objection that the Settlement Class Member asserts; c) the identity of any counsel representing the objector; d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel, e) a list of all other class action settlements that the objector has objected to in the previous ten (10) years; and (f) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any, and for duly authorized representatives evidence of appointment of same).

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The provisions stated in Paragraph 6.2 of the Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

12.     **Claims Process**. Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

13.     **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored

to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (c) there is no Effective Date; or (d) otherwise consistent with the terms of the Settlement Agreement. In such event, (i) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

14.     **Use of Order**. In the event the Final Order and Judgment is not entered or there is no Effective Date, this Preliminary Approval Order shall be of no force or effect and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

15.     **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Claims Administrator. The Court may approve the

Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16.     **Stay of Litigation.** All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17.     **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

**SETTLEMENT TIMELINE**

| Action | Deadline |
|---|---|
| Albertsons to provide to Plaintiffs' counsel the estimated cost of implementing the Business Practice Commitments | 14 days from execution of the Settlement Agreement |
| Albertsons Confidential Declaration regarding business practice enhancements due | 30 days from the execution of this Settlement Agreement |
| CAFA Notice to be served on State/Federal officials | 10 days after filing of Motion for Preliminary Approval of Class Action Settlement |
| List of Settlement Class Members to be provided to Claims Administrator | 5 days after filing of Motion for Preliminary Approval of Class Action Settlement |
| Albertsons to pay Claims Administrator amounts necessary for Notice Program | 14 days after entry of Preliminary Approval Order |
| Notice Date | 30 days after entry of the Preliminary Approval Order |
| File Motion for Attorneys' Fees and Expenses Awards and Service Awards | 7 days prior to Opt-Out deadline |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Opt-Out list due from Claims Administrator | 7 days after Opt-Out deadline |
| Reminder Notice of Claims Deadline to Settlement Class Members if Claims rate is less than 3% | 30 days prior to Claims Deadline |

| | |
|---|---|
| Claims Deadline | 90 days after the Notice Date |
| File Motion for Final Approval | 14 days before Final Approval Hearing |
| List of Opt-Outs due to Court | 7 days prior to Final Approval Hearing |
| Final Approval Hearing | More than 100 days after Notice Date |
| Effective Date | Date by which all of the events and conditions specified in Paragraphs 1.11 and 1.12 for the Final Approval Order and Judgment to become Final have occurred |
| Funding Date (Albertsons to pay the balance of the Settlement Fund in Escrow Account) | 7 days after Effective Date |
| Settlement Website Accessibility | 180 days after Effective Date |
| Distribution of Settlement Claims from Net Settlement Fund (includes Ordinary/Extraordinary Losses, Lost Time, Credit Monitoring, and Pro Rata Alternative Cash Payments) | 30 days after the Funding Date |
| Attorneys' Fees and Expenses Awards and Service Awards to be paid | 7 days after Funding Date |
| Residual Funds from Net Settlement Fund disbursed | 14 days after expiration of last check sent to Settlement Class Members |

SO ORDERED THIS _____ DAY OF _____, 20___.

_____
Hon. Maryellen Noreika
United States District Court Judge

# EXHIBIT

# E

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| LAURA MEDINA, individually and on behalf of all similarly situated persons, | |
| Plaintiffs, | Case No. 1:23-CV-00480 |
| v. | |
| ALBERTSONS COMPANIES, INC., | |
| Defendant. | |

**[PROPOSED] FINAL APPROVAL ORDER**

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"). The Motion seeks approval of the Settlement as fair, reasonable, and adequate. Also before the Court is Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses to Class Counsel, and Service Award to Plaintiffs ("Motion for Attorneys' Fees").

Having reviewed and considered the Class Settlement Agreement, Motion for Final Approval, and Motion for Attorneys' Fees, and having conducted a Final Fairness Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS**, on _____[DATE], the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") **(Doc. No. __)** which, among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, (b) appointed Plaintiffs Laura Medina and Maryelin Alberto as the Class Representatives and appointed Mason A. Barney and Tyler J. Bean of Siri & Glimstad LLP and David Lietz of Milberg Coleman Bryson Phillips Grossman as Class Counsel; (c) preliminarily approved the Class Settlement Agreement; (d) approved the form and manner of

Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator; and (f) set the date for the Final Fairness Hearing;

**WHEREAS**, on _____[DATE], pursuant to the Notice requirements set forth in the  Class Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed  Class Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Class Settlement Agreement and to be heard at a Final Fairness Hearing;

**WHEREAS**, on _____[DATE], the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the  Class Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the  Class Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice.  Prior to the Final Fairness Hearing, a declaration of compliance with the provisions of the  Class Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Fairness Hearing in support of or in opposition to the proposed  Class Settlement Agreement, the award of attorneys' fees, costs, and expenses to Class Counsel, and the payment of a Service Award to the Class Representative;

**WHEREAS**, the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS**, the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether

2

the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Class Settlement Agreement, having determined that the Class Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees, costs, and expenses, and the application for a Service Award to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement involves allegations in Plaintiffs' Class Action Complaints against Defendant for the alleged failure to implement or maintain adequate data security measures and safeguards to protect Personal Information, which Plaintiffs allege directly and proximately caused injuries to Plaintiffs and Settlement Class Members.

3. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4. Unless otherwise indicated, words contained in this Order and Judgment Granting Final Approval of Class Action Settlement ("Final Order and Judgment") with initial capital letters have the same meaning as set forth in the Class Settlement Agreement.

5. The Court, having reviewed the terms of the Class Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval

3

of the Class Settlement Agreement and for purposes of the Class Settlement Agreement and this Final Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> all individuals in the United States who were sent a notice of the Incident by Albertsons on or around April 21, 2023.

Specifically excluded from the Settlement Class are any judge presiding over this matter and any of their first-degree relatives, judicial staff, Albertsons' officers or directors, and persons who timely and validly request exclusion from the Settlement Class.

6.     The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Class Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Class Settlement Agreement.

7.     The Class Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Class Settlement Agreement, for:

> a.     Claims Administration as outlined in the Class Settlement Agreement whereby Settlement Class Members had the ability to submit claims that were evaluated by a Claims Administrator.

> b.     Defendant to pay all costs of Claims Administration from the Settlement Fund, including the cost of the Claims Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.

   c.  Defendant to pay, subject to the approval and award of the Court, the reasonable attorneys' fees, costs, and expenses of Class Counsel and a Service Award to Class Representatives from the Settlement Fund.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Class Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Class Settlement Agreement.

   8. The terms of the Class Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Fairness Hearing, Plaintiffs' application for attorneys' fees, costs, and expenses, and the Service Award payment to the Class Representatives have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

   9. The Court finds that the notice program, set forth in the Class Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Class Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Class Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

10.     The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11.     As of the Opt-Out deadline, _____ potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in **Exhibit A** to this Final Order and Judgment. Those persons are not bound by the  Class Settlement Agreement and this Final Order and Judgment and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the  Class Settlement Agreement, as set forth in the  Class Settlement Agreement.

12.     _____ objections were filed by Settlement Class Members. The Court has considered all objections and finds the objections do not counsel against  Class Settlement Agreement approval, and the objections are hereby overruled in all respects.

13.     All Settlement Class Members who have not objected to the  Class Settlement Agreement in the manner provided in the  Class Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

14.     The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Fairness Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

15.     The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the Settlement in accordance with this Final Order and Judgment and the terms of the  Class Settlement Agreement.

16.     Pursuant to the  Class Settlement Agreement, Defendant, the Claims Administrator, and Class Counsel shall implement the Settlement in the manner and timeframe as set forth therein.

6

17.     Within the time period set forth in the  Class Settlement Agreement, the relief provided for in the  Class Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the  Class Settlement Agreement.

18.     Pursuant to and as further described in the  Class Settlement Agreement, Plaintiffs and the Settlement Class Members are deemed by operation of the Class Settlement Agreement and this Order to have forever fully, finally, completely, and unconditionally released, discharged, and acquitted Albertsons and the Released Parties from any and all Released Claims, and are deemed to have also released Unknown Claims, as follows:

> Upon Final Approval of this  Class Settlement Agreement, Settlement Class members release all causes of action and claims for relief that have been asserted, or could have been asserted, by any Settlement Class Member, including Representative Plaintiffs, against any of the Released Parties based on, relating to, concerning, or arising out of the Incident, the alleged compromising and/or the theft of Personal Information as a result of the Incident, and the allegations, facts, or circumstances described in the Complaint and the Litigation including, but not limited to negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; failure to maintain adequate or reasonable cybersecurity pursuant to any statutory or common law duty; claims under any state consumer protection statutes; claims under the California Consumer Privacy Act; and including any claims for relief including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in the  Class Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

21.     The Court grants final approval to the appointment of Plaintiffs Laura Medina and Maryelin Alberto as Class Representatives. The Court concludes that Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

22.     Pursuant to the  Class Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves a payment to the Class Representatives in the amount of $_____ each as a Service Award. Such payment shall be made from the Settlement Fund in accordance with the terms of the  Class Settlement Agreement.

23.     The Court grants final approval to the appointment of Mason A. Barney and Tyler J. Bean of Siri & Glimstad LLP and David Lietz of Milberg Coleman Bryson Phillips Grossman as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

24.     The Court, after careful review of the fee petition filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for attorneys' fees in the amount of $_____. Reasonable costs and expenses of $_____ are also hereby awarded. Payment shall be made pursuant to the terms of the  Class Settlement Agreement.

25.     This Final Order and Judgment and the  Class Settlement Agreement, and all acts, statements, documents, or proceedings relating to the  Class Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant's or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the lawsuit. This Final Order and Judgment, the   Class Settlement Agreement, and all acts, statements, documents, or proceedings relating to the  Class Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any

Settlement Class Member, or any other person has suffered any damage; provided, however, that the Class Settlement Agreement and this Final Order and Judgment may be filed in any action by Defendant, Class Counsel, or Settlement Class Members seeking to enforce the Class Settlement Agreement or the Final Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Class Settlement Agreement and Final Order and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiffs' claims or any similar claims are suitable for class treatment. The Class Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Order and Judgment.

26.     If the Effective Date, as defined in the Class Settlement Agreement, does not occur for any reason, this Final Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Class Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Class Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment and the terms and provisions of the Class Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Class Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Class Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Litigation

deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, Defendant will pay amounts already billed or incurred for costs of notice to the Settlement Class, and Claims Administration, and will not, at any time, seek recovery of same from any other Party to the Litigation or from counsel to any other Party to the Litigation.

27.     Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382, 114 S. Ct. 1673, 1677, 128 L. Ed. 2d 391 (1994) and the parties' agreement, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

28.     Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the  Class Settlement Agreement for all purposes.

29.     This Order resolves all claims against all Parties in this action and is a final order.

30.     The matter is hereby dismissed with prejudice and without costs except as provided in the  Class Settlement Agreement.

SO ORDERED THIS _____ DAY OF _____, 2024.

_____
Hon. Maryellen Noreika
United States District Court Judge

10