IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **LAURA MEDINA,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ALBERTSON'S COMPANIES, INC.,**<br><br>Defendant. | Case No. 1:23-cv-00480-MN |

### JOINT DECLARATION OF DAVID LIETZ, MASON BARNEY, AND TYLER BEAN

David Lietz, Mason Barney, and Tyler Bean hereby declare as follows:

1. We are proposed Class Counsel[1] under the proposed Settlement with Albertson's Companies, Inc. ("Defendant") being presented to the Court for Preliminary Approval. We submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement. We have personal knowledge of the facts set forth herein and could testify competently as to them if called upon to do so.

### Background and Procedural History

2. This Action arises out of a data breach wherein the Private Information, including Social Security numbers, of approximately 33,000 current and former employees of Defendant was exfiltrated from Defendant's systems by hackers between December 22, 2022, and December 24, 2022 (the "Incident").

3. On May 1, 2023, Plaintiff Laura Medina filed the initial Complaint in this Action,

---

[1] All capitalized terms used herein shall have the same meanings as those defined in the Settlement Agreement.

1

which asserted causes of action against Albertson's for (1) negligence; (2) invasion of privacy; (3) breach of implied contract; (4) unjust enrichment; and (5) declaratory judgment, all arising out of Defendant's failure to use reasonable measures to protect the Private Information of Plaintiff Medina and a putative class.

4. On May 17, 2023, Plaintiff Maryelin Alberto filed an action against Albertson's in the United States District Court for the District of Idaho, with allegations materially and substantively identical to those in this Action, arising out of Defendant's failure to adequately secure her and a similar putative class of individuals' Private Information.

5. Defendant filed motions to dismiss both complaints. While those motions were pending, and after a period of informal discovery and mutual exchange of information, the parties agreed to a formal mediation.

6. On October 20, 2023, the Parties participated in a full day of mediation before experienced data breach mediator Robert A. Meyer, Esq., of JAMS.

7. Before mediation, the Parties engaged in informal discovery, which Defendant provided pursuant to Fed. R. Evid. 408 and included information related to the types of data exposed and exfiltrated in the Incident, the alleged impact to Plaintiffs and others similarly situated, and to assist in determining where jurisdiction is appropriate.

8. At the conclusion of the mediation, on October 20, 2023, the Parties reached an agreement on all material terms. Subsequently, the Parties worked on preparing the Settlement Agreement, which was finalized and executed on or about January 4, 2024.

## Class Counsel's Investigation

9. Class Counsel have been involved in other data breach litigation and have led numerous data breach cases to favorable resolution.

10. Class Counsel is experienced in the litigation, certification, trial, and settlement of nationwide class action cases. In negotiating this Settlement, Class Counsel had the benefit of years of experience litigating data breach cases.

11. Before filing this Action, Class Counsel spent time investigating the claims to gather information about the Incident. The thorough pre-suit investigation resulted in the preparation of detailed complaints.

12. In addition, to prepare for filing of the initial complaints, Class Counsel gathered Plaintiffs' documents and relevant information.

13. Leading up to the mediation, Class Counsel requested and reviewed relevant information via informal discovery. This enabled them to prepare for well-informed negotiations overseen by Mr. Meyer.

14. On October 20, 2023, when the Parties mediated, Class Counsel had prepared a detailed mediation statement for Mr. Meyer. Class Counsel entered the mediation fully informed of the merits of Settlement Class Members' claims and negotiated the proposed Settlement while advancing the position of Plaintiffs and Settlement Class members and being fully prepared to continue to litigate rather than accept a settlement that was not in the best interest of Plaintiffs and Settlement Class Members.

15. Mr. Meyer actively supervised and participated in the settlement discussions, presiding over arm's-length negotiations between capable and experienced class action counsel on both sides.

16. The Parties did not discuss attorneys' fees or any Service Award until after agreeing on the material terms of the Settlement, including the Settlement Class definition, Settlement Class Benefits, and the Releases.

**The Settlement**

17. Class Counsel ultimately participated in mediation and settlement discussions, achieving a very favorable Settlement for the Settlement Class, and negotiated a comprehensive Agreement, which includes a robust Notice Program, well-crafted Notices and Claim Form, and an easy-to-understand Claims Process.

18. The Settlement provides for Defendant's commitment to establish a non-reversionary cash Settlement Fund of $750,000.00, which will pay: (a) Settlement Class Member Benefits; (b) Settlement Administration Costs; (c) Service Awards to Class Representatives awarded by the Court; and (d) any attorneys' fees and costs awarded by the Court to Class Counsel.

19. Settlement Class Members who submit a Valid Claim may receive compensation for one or more of the following categories of loss resulting from the Incident: (1) a cash payment for ordinary losses up to $1,000.00, with such ordinary losses to include (i) out of pocket expenses incurred as a result of the Incident, (ii) fees for credit reports, credit monitoring, or other identity theft insurance products purchased between December 23, 2022 and the date of the Claims Deadline, and (iii) up to five (5) hours of lost time, at $25/hour; and (2) a cash payment for extraordinary losses up to $5,000.00. Settlement Class Members who submit a valid and timely Claim Form may also elect three (3) years of credit monitoring; or they may elect to receive an Alternative Cash Payment in the amount of $75 in lieu of all the above-referenced Settlement benefits subject to a *pro rata* adjustment (upwards or downwards) as set forth in Paragraph 2.10 of the Agreement after all expenses are paid from the Settlement Fund. In addition, Albertsons has agreed to meaningful Business Practice Commitments, as set forth in Section 2.4 of the Settlement Agreement.

20. Class Counsel will seek Service Awards of up to $2,500 for each Plaintiff. The

Service Awards will be paid from the Settlement Fund and will be in addition to the Settlement Class Member Benefits Plaintiffs will be entitled to receive. The award will compensate the Plaintiffs for their time and effort and for the risks they assumed in prosecuting the Action.

21. Class Counsel have not been paid for their extensive efforts or reimbursed for litigation costs and expenses incurred. Class Counsel have undertaken representation at their own expense, with compensation contingent on providing a benefit to Plaintiffs and Settlement Class Members. Class Counsel are entitled to request attorneys' fees of up to 33.33% of the Settlement Fund, or $250,000.00, as well as reimbursement of litigation costs incurred in connection with the litigation. Such award is subject to this Court's approval and will serve to compensate for the time, risk and expense Plaintiffs' counsel incurred pursuing claims for the Settlement Class.

22. Plaintiffs' counsel and Defendant's counsel are all attorneys who are familiar with class action litigation; particularly experienced in the litigation, certification, trial, and settlement of class actions, including data breach cases; and knowledgeable of the legal and factual issues at the center of this Action.

23. The Parties concluded the benefits of settlement in this Action outweigh the risks and uncertainties of continued litigation, including a motion to dismiss, class certification discovery and proceedings, merits discovery, pretrial motion practice, trial, and likely appellate review.

24. The Settlement was reached in the absence of collusion, and is the product of good faith, informed, and arm's-length negotiations by competent counsel with the assistance of Mr. Meyer at mediation.

25. Plaintiffs' counsel have vigorously represented the Settlement Class and will continue to do so after Preliminary Approval and Final Approval.

**Risks of Continued Litigation**

26. Any settlement requires the parties to balance the merits of the claims and defenses asserted against the attendant risks of continued litigation and delay.

27. Class Counsel believe the claims asserted are meritorious and that Plaintiffs would prevail if this matter proceeded to trial.

28. Class Counsel are pragmatic of the risks and challenges of litigation, including uncertainties in litigating the case through a motion to dismiss, including on the issue of standing, class certification, summary judgment, and trial. In addition, Class Counsel are aware of the risks inherent from any appeal and subsequent proceedings following a successful trial verdict. Even if Plaintiffs and the Settlement Classes ultimately prevailed at trial, recovery could be delayed for years by an appeal.

29. Each of these risks, by itself, could have impeded the successful prosecution of these claims at trial and in an eventual appeal—resulting in zero benefit to the Settlement Class. Under the circumstances, Plaintiffs and Class Counsel appropriately determined the Settlement reached outweighs the gamble of continued litigation.

30. The claims and defenses in this Action are complex, as is clear by the record and other similar data breach cases. There is no doubt that continued litigation here would be difficult, expensive, and time consuming.

31. Given that Defendant denies liability, believes it acted in good faith and in compliance with the law, and that it would prevail in opposing class certification and on the merits at trial, continued litigation would mean the putative class would have a long wait for their recovery, if they have one at all.

32. The Settlement provides immediate and substantial benefits to Settlement Class

Members. The proposed Settlement is the best vehicle for Settlement Class Members to receive the relief to which they are entitled in a prompt and efficient manner.

33. Whether the Action would have been tried as a class action is also relevant in assessing the fairness of the Settlement. As the Court had not yet certified a class at the time the Agreement was executed, it is unclear whether certification would have been granted. This litigation activity would have required the Parties to expend significant resources.

34. In Class Counsel's experience and informed judgment, the Settlement represents an excellent result, in providing substantial monetary and injunctive relief to Settlement Class Members without further delay, and in light of the challenging and unpredictable path of litigation Plaintiffs would have faced absent a settlement.

## Class Treatment Is Appropriate

35. For Settlement purposes, the Parties have agreed to certify a Settlement Class defined as: "All individuals in the United States who were sent a notice of the Incident by Albertsons on or around April 21, 2023."

36. The numerosity requirement of Federal Rule of Civil Procedure 23(a)(1) is satisfied because the Settlement Class has thousands of members, and joinder of all is impracticable. The Settlement Class Members are ascertainable from Defendant's records and the notice letters sent out following the Incident.

37. Either common legal questions or common fact questions are sufficient to establish commonality and both are present here. Plaintiffs have asserted multiple questions of law and fact—centering on whether Defendant had unreasonably lax data security practices that led to the Incident—that are common to the Settlement Class, that are alleged to have injured all Settlement Class members in the same or similar way, and that would generate common answers.

38. Plaintiffs' claims are typical. For example, Settlement Class Members are at the same imminent risk of identity theft due to exposure of their Private Information, most notably their Social Security numbers. Moreover, common questions of fact predominate because liability questions common to all Settlement Class Members substantially outweigh any possible issues that are individual to each Settlement Class Member.

39. Resolution of thousands of claims in one action is far superior to individual lawsuits because it promotes consistency and efficiency of adjudication.

40. Plaintiffs are adequate Class Representatives. They are fully committed to the responsibility of serving as Class Representatives. Their claims are not antagonistic to or in conflict with the interests of the Settlement Class. They pursue the same legal theories challenging the same course of Defendant's conduct. Plaintiffs and the absent Settlement Class Members seek remedies equally applicable and beneficial to their fellow Settlement Class Members. They have the same interest in the relief afforded by the Settlement, and the absent Settlement Class members have no diverging interests.

41. As noted above, Class Counsel have significant experience in the litigation, and settlement of national class actions, including numerous data breach cases, many of which have obtained final approval. *See* Firm Resumes of Class Counsel, attached hereto as **Exhibits 1-2**. Thus, Plaintiffs and the Settlement Class are represented by qualified and competent Class Counsel. Each of us is a leader in the data breach class action field and each has extensive experience prosecuting class actions.

42. Class Counsel are qualified and competent, possess extensive knowledge of the applicable laws, and experience in prosecuting complex class actions in courts throughout the United States, including cases similar to this one, and have led in the recovery of hundreds of

millions of dollars for the classes they represented. The experience, resources, and knowledge Class Counsel brings to this Action is extensive and formidable. Class Counsel has devoted substantial time and resources to this Action, is qualified to represent the Settlement Class, and will, along with the Class Representatives, vigorously protect the interest of the Settlement Class.

### Settlement Administrator and Notice Program

43. The proposed Settlement Administrator is Epiq, which will oversee the Notice Program. Epiq is one of the leading notice administration firms in the U.S. with experience in data breach class actions. The Notice Program is designed to provide the best notice practicable and is tailored to take advantage of the information Defendant has about the Settlement Class.

44. The Notice Program constitutes sufficient notice to all persons entitled to notice. The Notice Program satisfies all applicable requirements of law and due process.

45. The Notice will properly inform Settlement Class members of the Settlement's substantive terms. It will advise Settlement Class members of their options for remaining part of the Settlement Class or for opting out of the Settlement; for submitting Claim Forms; for objecting to the Settlement and/or the Application for Attorneys' Fees, Costs, and Service Awards; and how to obtain additional information about the Settlement. The Notice Program is designed to directly reach a very high percentage of Settlement Class members with Postcard Notice, with consideration that Settlement Class members' contact information is readily available to Defendant. It exceeds the requirements of constitutional due process.

I declare under penalty of perjury under the laws of the State of Delaware that the foregoing is true and correct. Executed this 9th day of January 2024, at Washington, D.C.

/s/ *David Lietz*
David Lietz

I declare under penalty of perjury under the laws of the State of Delaware that the foregoing is true and correct. Executed this 9th day of January 2024, at New York City, NY.

/s/ *Mason Barney*
Mason Barney

I declare under penalty of perjury under the laws of the State of Delaware that the foregoing is true and correct. Executed this 9th day of January 2024, at Oklahoma City, OK.

/s/ *Tyler Bean*
Tyler Bean