# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAURA MEDINA, individually and on behalf of all similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>ALBERTSONS COMPANIES, INC.,<br><br>    Defendant. | Case No. 1:23-CV-00480-MN |

## PRELIMINARY APPROVAL ORDER

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the terms of which are set forth in a Class Settlement Agreement and Release between Plaintiffs Laura Medina and Maryelin Alberto[1] ("Plaintiffs") and Defendant Albertsons Companies, Inc. ("Albertsons" or "Defendant") (together with Plaintiffs, the "Parties"), with accompanying exhibits attached as **Exhibit 1** to the Motion (the "Settlement Agreement").[2]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement

---

[1] Ms. Alberto is the plaintiff in a second, parallel class action currently pending in the United States District Court for the District of Idaho, and styled *Alberto v. Albertsons Companies, Inc.*, Case No. 1:23-cv-00251-DKG (the "*Alberto* Action"). Pursuant to Section 12.4 of the Settlement Agreement, the Settling Parties agree to use their best efforts to ensure that the *Alberto* Action will remain stayed pending final court approval of the Settlement Agreement. Within seven (7) days of the deadline to appeal the Court's final approval of the Settlement Agreement or, if an appeal is filed, within seven (7) days of the final resolution of any appeal, Plaintiff in the *Alberto* Action has agreed to file a notice dismissing the *Alberto* Action with prejudice.

[2] All defined terms in this Order ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

provides for a Settlement Class defined as follows:

> all individuals in the United States who were sent a notice of the Incident by Albertsons on or around April 21, 2023.

Specifically excluded from the Settlement Class are any judge presiding over this matter and any of their first-degree relatives, judicial staff, Albertsons' officers or directors, and persons who timely and validly request exclusion from the Settlement Class.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2. **Settlement Class Representatives and Settlement Class Counsel**. The Court finds that Plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representatives. Additionally, the Court finds that Mason A. Barney and

Tyler J. Bean of Siri & Glimstad LLP and David Lietz of Milberg Coleman Bryson Phillips Grossman will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3.     **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

4.     **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5.     **Final Approval Hearing**. A Final Approval Hearing shall be held on April 26, 2024 at 2:00 p.m. at the J. Caleb Boggs Federal Building, 844 N. King Street, Courtroom 4A, Wilmington, DE 19801, where the Court will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

(d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representatives for a Service Award should be approved.

6. **Claims Administrator**. The Court appoints Epiq Class Actions & Claims Solutions, Inc. ("Epiq") as the Claims Administrator, with responsibility for class notice and settlement administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7. **Notice**. The proposed notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as **Exhibits A, B, and C** are hereby approved. Non-material modifications to these Exhibits may be made by the Claims Administrator in consultation and agreement with the Parties, but without further order of the Court.

8. **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable

requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) meet the requirements of the Due Process Clause(s) of the United States and Delaware Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9. **Class Action Fairness Act Notice**. Within ten (10) days after the filing of this Settlement Agreement with the Court, the Claims Administrator acting on behalf of Defendant shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator in the manner provided in the Notice. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than sixty (60) days from the date on which the notice program commences, and as stated in the Notice.

If Defendant voids the Settlement Agreement according to its terms, Defendant will be obligated to pay all settlement expenses already incurred through the date of termination, excluding any attorneys' fees, costs, and expenses of Class Counsel and the Service Award to the

Class Representative and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

The Claims Administrator shall promptly furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

11. **Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Date and as stated in the Notice. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to send their written objections to the Claims Administrator at the address indicated in the Short Notice and Long Notice. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Deadline." Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: a) the objector's full name, address, telephone number, and email address (if any); b) a clear and detailed written statement that identifies the basis of the specific objection that the Settlement Class Member asserts; c) the identity of any counsel representing the objector; d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel, e) a list of all other class action settlements that the objector has objected to in the previous ten (10) years; and (f) the objector's signature and the

signature of the objector's duly authorized attorney or other duly authorized representative (if any, and for duly authorized representatives evidence of appointment of same).

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The provisions stated in Paragraph 6.2 of the Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

12.     **Claims Process**. Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

13. **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (c) there is no Effective Date; or (d) otherwise consistent with the terms of the Settlement Agreement. In such event, (i) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

14. **Use of Order**. In the event the Final Order and Judgment is not entered or there is no Effective Date, this Preliminary Approval Order shall be of no force or effect and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

15. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class.

If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16. **Stay of Litigation.** All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

**SETTLEMENT TIMELINE**

| Action | Deadline |
| --- | --- |
| Albertsons to provide to Plaintiffs' counsel the estimated cost of implementing the Business Practice Commitments | 14 days from execution of the Settlement Agreement |
| Albertsons Confidential Declaration regarding business practice enhancements due | 30 days from the execution of this Settlement Agreement |
| CAFA Notice to be served on State/Federal officials | 10 days after filing of Motion for Preliminary Approval of Class Action Settlement |
| List of Settlement Class Members to be provided to Claims Administrator | 5 days after filing of Motion for Preliminary Approval of Class Action Settlement |
| Albertsons to pay Claims Administrator amounts necessary for Notice Program | 14 days after entry of Preliminary Approval Order |
| Notice Date | 30 days after entry of the Preliminary Approval Order |
| File Motion for Attorneys' Fees and Expenses Awards and Service Awards | 7 days prior to Opt-Out deadline |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |

| | |
|---|---|
| Opt-Out list due from Claims Administrator | 7 days after Opt-Out deadline |
| Reminder Notice of Claims Deadline to Settlement Class Members if Claims rate is less than 3% | 30 days prior to Claims Deadline |
| Claims Deadline | 90 days after the Notice Date |
| File Motion for Final Approval | 14 days before Final Approval Hearing |
| List of Opt-Outs due to Court | 7 days prior to Final Approval Hearing |
| Final Approval Hearing | April 26, 2024 at 2:00 p.m. |
| Effective Date | Date by which all of the events and conditions specified in Paragraphs 1.11 and 1.12 for the Final Approval Order and Judgment to become Final have occurred |
| Funding Date (Albertsons to pay the balance of the Settlement Fund in Escrow Account ) | 7 days after Effective Date |
| Settlement Website Accessibility | 180 days after Effective Date |
| Distribution of Settlement Claims from Net Settlement Fund (includes Ordinary/Extraordinary Losses, Lost Time, Credit Monitoring, and Pro Rata Alternative Cash Payments) | 30 days after the Funding Date |
| Attorneys' Fees and Expenses Awards and Service Awards to be paid | 7 days after Funding Date |
| Residual Funds from Net Settlement Fund disbursed | 14 days after expiration of last check sent to Settlement Class Members |

SO ORDERED this 11th day of January 2024.

_Maryellen Noreika_
The Honorable Maryellen Noreika
United States District Judge