**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **LAURA MEDINA,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ALBERTSONS COMPANIES, INC.,**<br>Defendant. | Case No. 1:23-cv-00480-MN<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**DECLARATION OF DAVID K. LIETZ IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

I, David K. Lietz, being competent to testify, make the following declaration:

1. I am currently a senior partner of the law firm Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg"). My credentials were previously outlined for this Court in the Joint Declaration submitted in connection with Plaintiffs' Unopposed Motion for Preliminary Approval. D.I. 23. I have been appointed Class Counsel for Plaintiffs in this matter. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could and would competently testify to them if called upon to do so.

2. My experience and qualifications are outlined in the joint declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval. D.I. 23.

3. The work of Class Counsel in connection with this action involved investigating the cause and effects of the Albertsons Companies, Inc. ("Albertsons") Data Incident, interviewing potential clients, evaluating the potential class representatives, contributing to the evaluation of

the merits of the case before filing the two Complaints (the complaint giving rise to this action, and the other similar lawsuit filed in the District of Idaho); conducting legal research; conducting extensive research into data security incidents and their causes and effects, conducting further extensive research into data security practices and standards across e-Commerce platforms and industries; drafting and filing the Complaints; litigating against an AmLaw 100 national law firm (Alston & Bird) with extensive data breach litigation experience; working on briefing a response to Defendant's significant motion to dismiss, obtaining information from Albertsons regarding the Data Incident and analyzed that information; participating in a formal mediation of this case presided over by Robert A. Meyer of JAMS (a highly experienced and well-regarded mediator well-versed in data breach litigation); drafting the settlement term sheet, the comprehensive settlement agreement, well-crafted notices of settlement, an easy to understand claim form, the Motion for Preliminary Approval, and this instant motion for attorneys' fees; communicating with defense counsel; updating and handling questions from our class representative; overseeing the successful launching and implementation of the notice program with substantial interaction between me and the Settlement Administrator; and overseeing the claims process. I conferred with my colleagues about strategy and case status while being mindful to avoid duplicative efforts within my firm and with co-counsel.

4. Continuing through to today co-counsel and I have continued to work with Defendant and the Claims Administrator regarding claims administration and processing as well as answering class members questions about the settlement and the process.

5. Based on my past experience I, my law firm, and other Plaintiffs' Counsel expect to spend another 40-50 hours seeking final approval, defending the Settlement from and potential objections, and supervising claims administration and the distribution of proceeds.

6. Here, on February 9, 2024, notice was sent in postcard form via first-class U.S. mail, postage prepaid, to the 32,877 Settlement Class members for whom Albertsons provided unique Settlement Class Member records with complete and mailable addresses a postal address. After remailings, the current deliverable or "reach" rate is 94.7%, far exceeding the 70% threshold for satisfying due process concerns.

7. The total number of claims as of March 31, 2024 stands at 2,308, which works out to a 7.0% claims rate.

8. As of the date of filing, I have received no objections to the Settlement Agreement in general, and no objections to the proposed attorneys' fees, costs (the amount of which was made known to the Class via the Court-approved notice program) in particular. It is my understanding that Epiq, the Settlement Administrator, also has received no objections, and only four opt-outs to date. Plaintiffs will submit a declaration from Epiq detailing the notice and claims administration with their Motion for Final Approval. The deadline for submitting objections is April 9, 2024.

**The Contingent Nature of the Case**

9. My Firm and the other Plaintiffs' counsel firms prosecuted this case and the related cases on a purely contingent basis. As such, Plaintiffs' Counsel assumed a significant risk or nonpayment or underpayment.

10. This matter has required me, other attorneys at my Firm, and the other Plaintiffs' Counsel to spend time on this litigation that could have been spent on other matters. At various times during the litigation of this class action, this lawsuit has consumed significant amounts of my time and my Firm's time, as well as the time of the other Plaintiffs' counsel.

11. Such time could otherwise have been spent on other fee-generating work. Because our Firm and the other Plaintiffs' attorneys undertook representation of this matter on a

contingency-fee basis, we shouldered the risk of expending substantial costs and time in litigating the action without any monetary gain in the event of an adverse judgment.

12. If not devoted to litigating this action, from which any remuneration is wholly contingent on a successful outcome, the time our Firm and other Plaintiffs' counsel spent working on this case could and would have been spent pursuing other potentially fee generating matters.

13. Litigation is inherently unpredictable and therefore risky. Here, that risk was very real, due to the rapidly evolving nature of case law pertaining to data breach litigation, and the state of data privacy law. Therefore, despite the devotion of all Plaintiffs' Counsel to the case and our confidence in the claims alleged against Defendant, there have been many factors beyond our control that posed significant risks.

14. The fees contemplated under Class Counsel's representation agreements for cases in this jurisdiction and elsewhere generally fall within the one-third to 40% range. Class Counsel's fees were not guaranteed—the retainer agreements counsel had with Plaintiff did not provide for fees apart from those earned on a contingent basis, and, in the case of class settlement, approved by the court.

**The Costs and Fees Incurred**

15. Due to the early stage of litigation and efficiency by which Class Counsel was able to obtain this significant settlement, expenses and fees incurred by Plaintiffs are low.

16. My law firm has currently accrued $115,949.20 in reasonable attorneys' fees through March 31, 2024.

17. My hourly rate has increased over time based on my experience and my accomplishments in my practice. I have been practicing law continuously since 1991 (over 32 years), and the rate for my time is commensurate with partners of that level of experience.

18. The rates we charge for our time is also commensurate with hourly rates charged by our contemporaries around the country, including those rates charged by lawyers with our level of experience who practice in the area of data breach class litigation across the nation (i.e. the national market for data breach litigation). *See* e.g. *In re: Capital One Consumer Data Breach Litigation*, MDL No. 1:19-md-02915-AJT-JFA (Doc. 2231-1 – approving rates for partners in data breach ranging from $919 to $1050 per hour); *Fox v. Iowa Health Sys*., No. 3:18-CV-00327-JDP, 2021 WL 826741, at *6 (W.D. Wis. Mar. 4, 2021) (data breach settlement awarding $1,575,000 in attorneys' fees and costs, at hourly rates from $815-$865 per hour for partners, $550-$625 for senior associates, $415-$500 for associates, and $215-$350 for paralegals); *Perdue v. Hy-Vee, Inc.,* No. 19-1330, 2021 WL 3081051, at *5 (C.D. Ill. July 21, 2021) (approving reasonable hourly rates requested by Class Counsel of $700-$815 for partners, $325-$700 for associates, $200-$275 for paralegals, and $150-$225 for law clerks); *In re Equifax Inc. Customer Data Sec. Breach Litig.,* No. 1:17-MD-2800-TWT, 2020 WL 256132, at *39 (N.D. Ga. Mar. 17, 2020) (finding reasonable hourly rates charged by partners who billed $1050, $1000 $750, and $935 per hour); *In re Yahoo! Inc. Customer Data Sec. Breach Litig*., No. 16-MD-02752-LHK, 2020 WL 4212811, at *26 (N.D. Cal. July 22, 2020) (finding reasonable rates from $450 to $900 for partners, $160-$850 for non-partner attorneys, and $50 to $380 for paralegals); ); *Fulton-Green v. Accolade, Inc*., No. CV 18-274, 2019 WL 4677954, at *12 (E.D. Pa. Sept. 24, 2019) (finding reasonable hourly rates range $202 to $975 per hour); *In re Anthem, Inc. Data Breach Litig*., No. 15-MD-02617-LHK, 2018 WL 3960068, at *16 (N.D. Cal. Aug. 17, 2018) (finding reasonable hourly rates of partners from $400 to $970, non-partner attorneys from $185 to $850, and non-attorneys from $95 to $440).

19. The billable rates for Plaintiffs' law firms are also consistent with rates billed for similar class action legal services.[1]

20. Prior to submitting the Motion for Attorneys' Fees, Costs, and Service Awards, I compared and confirmed our hourly rates with lawyers at other law firms whose practice is focused on data breach class litigation. Moreover, I routinely survey hourly rates charged by lawyers around the country in published surveys, and review continuously as part of my continuing education opinions rendered by courts on attorneys' fee requests. Again, based upon my research, my rate – and the rates charged by my colleagues -- are within the range of lawyers with our levels of experience, practicing in this area of law.

21. The Milberg lawyers' hourly rates have been approved by federal courts around the country. Most recently, my hourly rate was approved in *In re: GE/CBPS Data Breach Litigation*, Case No. 1:20-cv-02903 (KPF) (S.D.N.Y. 3/28/2023) (Judge Failla); *Pagan v. Faneuil, Inc.*, Case No. 3:22-cv-297 (ED VA February 17. 2023); *Powers, Sanger et al v. Filters Fast LLC*, Case 3:20-cv-00982-jdp (WD WI, July 22, 2022), ECF 84) where the fee application was submitted on a lodestar basis; *James v. Cohnreznick LLP*, Case Number: 1:21-cv-06544-LJL (SD NY September 20, 2022) (fee application submitted on both percentage of benefit and lodestar calculation); *In re Deva Concepts Product Liability Litigation*, Case 1:20-cv-01234-GHW, Order Granting Motion for Attorneys' Fees, Document 129 (January 3, 2022); see also Document 121-1 (filed 10/01/21).

[1] *2020 Class Action Hourly Rate Survey*, NALFA (March 4, 2020) https://www.thenalfa.org/blog/survey-class-action-defense-rates-keep-pace-with-plaintiffs-rates-in 2020/#:~:text=The%20NALFA%20survey%20shows%20that,than%20%24200%20and%20 over %20%241%2C200 (listing hourly rates up to $1,200 per hour for class actions).

22. In addition, Milberg's hourly rates were approved by at least three federal courts using that hourly rate as a lodestar cross-check, which is what my hourly rate is submitted for in this case. *See Lamie et al. v. LendingTree, LLC,* Case No. 3:22-cv-00307, ECF Doc. 60 (W.D. N.C. February 27, 2024) (final approval order approving hourly rates as reasonable as part of a lodestar cross-check, and highlighting "the quality, skill, and experience of counsel" and "the excellent results"); *Baldwin et al. v. National Western life Insurance Company*, Case No. 2:21-cv-04066 (W.D. Mo.) ECF 76; *Purvis, et al v. Aveanna Healthcare, LLC*, Case No. 1:20-cv-02277-LMM (N.D. Ga.) (appointed class counsel; final approval granted October 2022), ECF 79.

23. My firm's lodestar of 143.0 hours as of March 31, 2024, amounts to $115,949.20. The timekeepers, hours billed and the rates charged are listed below:

| **Milberg Personnel** | **Position** | **Rate** | **Hours** | **Total** |
|---|---|---|---|---|
| David Lietz | Senior Partner | $997/$1057 | 64.2 | $65,147.40 |
| Gary Klinger | Senior Partner | $850/$878 | 43.0 | $36,676.00 |
| John Nelson | Associate | $508 | 12.8 | $ 6,502.40 |
| Dean Meyer | Associate | $413 | 13.0 | $ 5,369.00 |
| Sandra Passanisi | Paralegal | $225/$239 | 4.0 | $ 918.20 |
| Heather Sheflin | Paralegal | $225/$239 | 3.4 | $ 770.60 |
| Ashley Tyrell | Paralegal | $208/$239 | 2.6 | $ 565.60 |
| **TOTAL** | | | **143.0** | **$ 115,949.20** |

24. The billing rates for Milberg attorneys were most recently set in January 2024, and are drawn from the Laffey Matrix without any deviation. The titles, billing rates, law schools, and year of graduation of the attorneys who billed time to this matter is as follows:

a. David Lietz. Senior Partner $997 in 2023, $1057 in 2024 (JD Georgetown 1991)

b. Gary Klinger – Senior Partner $850 in 2023, $878 in 2024 (JD Illinois 2010)

c. John Nelson – Associate $508 in 2023 (JD San Diego 2017)

d. Dean Meyer – Associate $413 in 2023 (JD Northwestern 2021)

25. In addition to the time expended by me and my Firm, my co-counsel accrued a reasonable amount of time billed on this matter. The total amount of time and hours expended is listed in the chart below:

**Siri & Glimstad Hours and Lodestar**

| **Name** | **Title** | **Rate** | **Hours** | **Total** |
|---|---|---|---|---|
| Mason Barney | Partner | $825/$975 | 19.6 | $16,305.00 |
| Tyler Bean | Associate | $575/$675 | 35.8 | $21,075.00 |
| Gabrielle Williams | Associate | $575 | 22.4 | $12,880.00 |
| Steven Cohen | Former Associate | $825 | 0.3 | $247.50 |
| Jennifer Malainy | Chief Legal Marketing Officer | $325 | 0.1 | $32.50 |
| Alcira Pena | Paralegal | $225 | 9.6 | $2,202.00 |
| Enrica Peters | Paralegal | $225 | 15.7 | $3,673.50 |
| **TOTAL** | | | **103.5** | **$ 56,415.50** |

26. Siri & Glimstad's attorneys billed their time at their usual and customary hourly billing rates, which have been previously approved by courts presiding over similar complex class action lawsuits. The hourly rates of the professionals at Siri & Glimstad are commensurate with

hourly rates charged by contemporary firms doing similar work, including those rates charged by lawyers with comparable levels of experience who practice in the area of class litigation across the nation. These rates were recently accepted as reasonable by the Central District of California in *Carter v. Vivendi Ticketing United States LLC,* No. SACV 22-01981-CJC (DFMx), 2023 U.S. Dist. LEXIS 210744, at *23 (C.D. Cal. Oct. 30, 2023). Prior to that, other courts have approved Siri & Glimstad's rates in the following cases: *Buchanan v. Sirius XM Radio, Inc.*, Case No. 3:17-cv-00728, ECF No. 129 (N.D. Tex. Jan. 28, 2020); *Thomas v. Dun & Bradstreet Credibility Corp.*, Case No. 15-cv-3194, ECF No. 80 (C.D. Cal. March 22, 2017); *Kindle v. Dejana*, No. 14-cv-06784, ECF No. 166 (E.D.N.Y. July 31, 2018); *Gatto v. Sentry Services, Inc.*, et al., Case No. 13 CIV 05721, ECF No. 199 (S.D.N.Y. Nov. 11, 2015).

**deLeeuw Law Hours and Lodestar**

| Name | Title | Billing Rate | Total Hours | Total Lodestar |
|---|---|---|---|---|
| Brad deLeeuw | Partner | $750 | 8.9 | $6,675.00 |
| **TOTAL** | | | | **$6,675.00** |

27. The total accrued attorney/staff lodestar of all firms to date is **$179,039.70.**

28. Additional time will be spent drafting the final approval motion, preparing for and attending the Final Approval Hearing, defending any appeals taken from the final judgment approving Settlement, and ensuring that the claims process and distribution of Settlement proceeds to Class Members is done in a timely manner in accordance with the terms of the Settlement. Based upon my past experience, I estimate that another 40-50 hours of attorney time will be reasonably expended on this matter. I assert that the attorneys' fees sought in the Motion for Attorneys' Fees,

Costs, and Service Awards are reasonable and seek fair and reasonable compensation for undertaking this case on a contingency basis, and for obtaining the relief for Plaintiff and the Class.

29. Where possible, Class Counsel made efforts to carefully assign work so as to avoid duplication of efforts and have the work completed by the appropriate level of attorney.

30. Upon request, I and the other Plaintiffs' attorneys can provide detailed contemporaneous billing records to the Court for review.

31. All books and records in this case regarding costs expended were maintained in the ordinary course of business, from expense vouchers and check records. I have reviewed the records of costs expended in this matter.

32. My firm and my co-counsel have also accrued **$12,287.54** in out-of-pocket expenses pertaining to this litigation; including:

**Milberg Expenses**

| **Expense** | **Amount** |
|---|---|
| Court Filing and PHV Admission Fees | $ 781.74 |
| Mediation expenses (i.e. cost of mediator) | $ 5,475.00 |
| **TOTAL** | **$ 6,256.74** |

**Siri & Glimstad Expenses**

| **Expense** | **Amount** |
|---|---|
| Complaint Filing Fee (reimbursement to local counsel) | $402.00 |
| Pro Hac Vice Motions (reimbursement to local counsel) | $50.00 |
| Parcels, Inc. (reimbursement to local counsel) | $78.80 |
| JAMS Arbitration Deposit | $5,475.00 |
| **TOTAL** | **$6,005.80** |

**deLeeuw Law Expenses**

| Expense | Amount |
|---|---|
| Court Fees | $25.00 |
| **TOTAL** | **$ 25.00** |

33. These costs are reasonable, and necessary for the litigation, and are modest in comparison to the enormous costs that likely would have been incurred if litigation had continued. Reimbursement of these costs is sought as part of the combined attorney fees and costs requested. Based upon my past experience, the amount of out-of-pocket case expenses will increase prior to Final Approval, and will include additional travel expenses to appear at the Final Approval Hearing.

34. The Settlement Agreement calls for reasonable service awards to Plaintiff in the amount of $2,500, subject to approval of the Court. The Service Awards are meant to recognize Plaintiffs for their efforts on behalf of the Class, including assisting in the investigation of the case, maintaining contact with counsel, reviewing the pleadings, answering counsel's many questions, communicating with counsel during the settlement negotiations, and reviewing the terms of the Settlement Agreement. Plaintiffs also put their reputations at risk, and put themselves forward for public scrutiny. Plaintiffs were not promised any service award, nor did they condition their representation on the expectation of any service or incentive award.

35. I strongly believe that the Settlement Agreement is favorable for the Settlement Class. The Settlement addresses the type of injury and repercussions sustained by Settlement Class Members in the wake of the Data Incident. In the opinion of the undersigned and other Class Counsel, the settlement is fair, reasonable, adequate, as are the attorneys' fees, expenses, and service awards requested here.

36. Although Plaintiffs believe in the merits of their claims, this litigation was inherently risky and complex. The claims involve the intricacies of data breach litigation (a fast-developing area in the law), and the Plaintiff would face risks at each stage of litigation. Against these risks, it was through the hard-fought negotiations and the skill and hard work of Class Counsel and the Class Representatives that the Settlement was achieved for the benefit of the Settlement Class.

* * * * * * * * * * * * *

I declare under penalty of perjury under the laws of the State of Delaware that that foregoing is true and correct.

Executed this 1st day of April, 2024, at Washington, DC.

David K Lietz

DAVID K LIETZ

David K. Lietz (admitted *pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015-2052
Phone: (866) 252-0878
Email: dlietz@milberg.com

*Attorney for Plaintiffs and Class Counsel*